COSTELLO v. MORRISON CAFETERIA CO. OF LA., INC., ET AL.

(June 8, 1931. Opinion and Decree.)
(July 1, 1931. Rehearing Refused.)
(October 6, 1931. Writ of Certiorari and Review Refused by Supreme Court.)

Solomon S. Goldman, of New Orleans, attorney for plaintiff, appellant.

Milner & Porteous and P. M. Milner, of New Orleans, attorneys for defendants, appellees.

HIGGINS, J. This is a suit to recover damages for medical expenses and for pain and suffering said to have resulted from eating unwholesome and poisonous cream cheese and/or cream served by the defendant to plaintiff in its cafeteria or restaurant on August 21, 1929.

The petition alleges:

. Paragraph 6. "That petitioner did not know the said cream cheese and/or cream was unfit to eat but that Morrison Cafeteria Co. of La., Inc., did or should have known that fact, and in serving same to petitioner warranted it to be wholesome to eat."
Paragraph 7. "That petitioner is informed and believes and therefore avers that the said cream cheese and cream was supplied to Morrison Cafeteria Co. of La., Inc., by the Cloverland Dairy Products Co., Inc., a Louisiana Corporation, domiciled in this City, engaged in the business of selling dairy products and petitioner alleges that said cream cheese and/or cream was contaminated and unfit to eat before delivered to the former corporation; that the Cloverland Dairy Products Co., Inc., also knew or should have known that fact, and in that event is responsible to petitioner for the damages caused thereby."

The Cloverland Dairy Products Co., Inc., answered denying liability, and defendant Morrison Cafeteria Company, Inc., filed an exception of no right or cause of action on the following grounds:

1st. "That the food was unfit when delivered to Morrison Co."
2nd. "That there was nothing about the food to put Morrison Co. on notice that it was unfit."

The trial court sustained the exception and dismissed plaintiff's suit as against Morrison Co. and plaintiff has appealed.

As we view the petition the pleader attempts to set up a cause of action as a result of a breach of implied warranty of the fitness of the food served for human consumption and also because of the negligence of both defendants in offering for sale and selling such food when they knew or should have known that it was deleterious and poisonous and, hence, the defendants were guilty of negligence and carelessness which rendered them liable.

Taking up these points in the inverse order we first observe that this is a case which falls under the doctrine of "res ipsa loquitur." Plaintiff could have little, if any, information regarding the condition of the food, whereof defendant should be informed. In such a case plaintiff need not allege or prove the precise cause of the accident or injury, being only required to make a general allegation of negligence. Motor Sales & Service, Inc., v. Grasselli Chemical Co. et al., 15 La. App. 353, 131 So. 623, 624; Horrel et al. v. Gulf & Valley Cotton Oil Company, Inc., 15 La. App. 603, 131 So. 709; Scott v. Checker Cab Co., Inc., 12 La. App. 598, 126 So. 241.

Paragraph 6 of the petition sets forth a general allegation of negligence against Morrison Company, in that it charges that that defendant knew, or should have known, that the cream cheese and/or cream was unfit to eat.

It was not necessary for the plaintiff to go further and set up specific acts of negligence, because this court has held that such allegations would merely be treated as surplusage. In instances where the plaintiff has, in addition to the general

allegation of negligence, alleged specific acts of negligence, defendants have uniformly contended before this court that the plaintiff has waived his rights under the doctrine of res ipsa loquitur, and is required to prove his case by a preponderance of the evidence and relieve the defendant of the duty of exculpating itself from fault. Horrel et al. v. Gulf & Valley Cotton Oil Company, supra.

Counsel for the exceptor has based his whole argument upon the allegation of paragraph 7 and completely ignores the allegations of paragraph 6. It is our opinion that these two paragraphs should be read together, and that the latter is not exclusive of the former, nor does it waive the rights of the plaintiff as set forth in the former paragraph. The question of whether the exceptor had an opportunity to observe whether the food was unfit for consumption is one of defense which should be set up in an answer.

Having come to the conclusion that the petition sets forth a cause of action under the doctrine of res ipsa loquitur, there being a general allegation of negligence, it is unnecessary to discuss the issue of whether the petition alleges a cause of action under the law of implied warranty. Stumpf v. Baronne Building, Inc., and Leo Fellman, 16 La. App. 702, 135 So. 100, decided February 16, 1931; Legier v. Braughn, 123 La. 463, 49 So. 22; People's State Bank v. St. Landry State Bank, 50 La. Ann. 528, 24 So. 14.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that this case be remanded to the Civil District Court for further proceedings according to law and not inconsistent with the views herein expressed.