## AUZENNE v. GULF PUBLIC SERVICE CO.

### No. 1844.

Court of Appeal of Louisiana. First Circuit.

May 5, 1938.

John F. Dubuisson, of Opelousas, for appellant.

Lewis & Lewis, of Opelousas, for appellee.

OTT, Judge.

This appeal is prosecuted by plaintiff from a judgment that dismissed his suit on an exception of no cause of action. Plaintiff seeks to recover damages in the sum of $3,153.50 for an injury to his left hand caused, as he alleges, from the bursting or explosion of a bottle of Coca-Cola as he was attempting to open same with a standard bottle opener on the 28th day of December, 1936. He alleges that he purchased the bottle of Coca-Cola, through his agent, from a

saloon owned and operated by Milburn Guillory; that as he attempted to open said bottle with a standard bottle opener, with the intent to drink the contents of said bottle as a beverage, instead of the cap of said bottle coming off in the usual way, the bottle itself exploded with a great noise and with such great force that his left hand by which he was holding the bottle was severely cut by fragments of broken glass and by the jagged edges of the remaining part of the bottle.

It is further alleged that the dealer from whom plaintiff purchased said bottle had in turn purchased the same from the branch office of the defendant company, which company had made, manufactured and bottled said beverage. Article VI of the petition, as amended, reads as follows: "That coca-cola is a bottled beverage sold generally throughout the United States and it is considered healthful and palatable, and ordinarily where due care has been exercised by the manufacturer and bottler in preparing this beverage for market the bottles containing same do not explode when properly handled by those through whose hands they pass; that the said bottle of coca-cola in the instant case had not been opened or tampered with or improperly handled from the time it left the possession of the defendant until the time of the attempted opening of the same by petitioner, and that the sole cause of the explosion of the said bottle was the negligent and careless bottling, manufacturing and handling of the said bottle of coca-cola by defendant, the particular acts of negligence and carelessness not being alleged by petitioner, he being relieved from the necessity of making such allegations since the facts of this cause as shown by this petition represent and constitute a case of res ipsa loquitur."

The exception of no cause or right of action is based on two grounds: (1) Because no privity is shown between plaintiff and defendant; and (2) because no affirmative specifications of negligence are set out against defendant, and plaintiff is relying exclusively on the doctrine of res ipsa loquitur for recovery, which doctrine does not apply in this case.

It appears from the written reasons assigned by the learned trial judge that he sustained the exception and dismissed the suit with some reluctance, as will be shown from that part of the written reasons which we take the liberty of quoting, as follows: "On the whole, the court is inclined toward the opinion that plaintiff has set forth a cause of action in his petition, as amended; but, as stated at the beginning, the facts alleged present a situation which is res nova in Louisiana for the application of the doctrine of res ipsa loquitur, and counsel for defendant has suggested that the exception be sustained in order that the question may be passed upon by the Court of Appeal before trying the case on the merits. While counsel for plaintiff does not accede to the legal contention of the defendant, he acquiesces in the procedure suggested, in view of the Court of Appeal's action in the case of Robinson v. Miller et al., 176 So. 646, which was based largely on the Supreme Court's action in the old case of Police Jury v. Succession of McDonogh, 8 La.Ann. 341,—with the clear understanding, however that plaintiff's rights be not lost. Because the exact point involved herein does not appear to have been passed upon by our appellate courts, and because the highest courts of other States appear divided on the question, and since court deems that all doubts be decided against the plaintiff, the court has decided to sustain the exception of no cause of action on the second ground set out by defendant, namely, because no affirmative specifications of negligence or carelessness are levelled against defendant, and plaintiff relies for recovery upon the doctrine of res ipsa loquitur."

Counsel for defendant have not pressed in this court the lack of privity between plaintiff and defendant as a ground for sustaining the exception nor do they seem to have urged this point in the lower court. The trial judge, we think, correctly passed this point with the observation that it is without merit as our courts in numerous cases have recognized the right of a consumer to sue the manufacturer in a direct action for alleged damage sustained because of negligence on the part of the manufacturer in manufacturing, preparing, and bottling foods and beverages, although the consumer did not purchase the article directly from the manufacturer, but from a dealer who in turn had purchased from manufacturer. See Hill v. Louisiana Coca-Cola Bottling Company, La.App., 170 So. 45, and cases there cited. There would seem to be no good reason to make a distinction in the present case where the damage alleged to have been sustained was caused by an explosion of the bottle because of some defect or negligence in its manufacture, and the other cases where the damage resulted from some foreign or deleterious substance

in the beverage. There is as good reason for permitting the consumer to sue the manufacturer directly in the one case as in the other.

It is conceded that the serious ground set up in the exception is that which is directed at the failure of the petition to allege any specific acts of negligence on the part of the defendant in manufacturing and bottling the bottle of Coca-Cola which burst while plaintiff was attempting to open it. Obviously, if plaintiff cannot rely on the doctrine of res ipsa loquitur permitting him to make only general allegations of negligence against the manufacturer instead of specific and particular ones as is required in ordinary suits, his petition would be defective.

Our courts recognize the right of a plaintiff to invoke the doctrine of res ipsa loquitur where suit is brought against the manufacturer or dispenser of foods and beverages for damages resulting from the use and consumption of deleterious and unwholesome foods and beverages manufactured and dispensed for public use and consumption, for the reason that the manufacturer and dispenser are in a better position to know the condition of the product manufactured and sold than the consumer. In such a case the petition is good if it merely alleges negligence on the part of the manufacturer and dispenser in general terms. Costello v. Morrison Cafeteria Company, Inc., et al., 18 La.App. 40, 135 So. 245.

We think the reasoning of the court in the case of Motor Sales & Service, Inc., v. Grasselli Chemical Company et al., 15 La.App. 353, 131 So. 623, 624, has peculiar and persuasive application to the present case. In the cited case, the defendant chemical company had caused drums of sulphuric acid to be transported through the streets of New Orleans by a drayman for shipment to a foreign port, when, without any apparent reason, the iron bung in one of these drums came out, and large quantities of the acid shot up into the air and landed on an automobile belonging to the plaintiff, which automobile was following the truck loaded with the acid, causing damage to the automobile for which suit was brought. The court said in that case: "No cause is assigned for the most unusual occurrence, and plaintiff contends that the doctrine of 'res ipsa loquitur' relieves it of the obligation of alleging and proving the specific acts of negligence from which the accident resulted. It would seem that, so far as the Grasselli Company is concerned, the doctrine of 'res ipsa loquitur' is applicable. Surely, plaintiff cannot be expected to have had knowledge as to the cause of such an occurrence as the explosion of a tank of acid on a truck in a city street."

Learned counsel for defendant contend that the above case is not similar to the present case because in that case the court was dealing with a substance inherently and intrinsically dangerous, while in the present case, according to the petition, from which we have quoted, Coca-Cola is harmless and not a dangerous substance when properly prepared and handled. But we see no reason why the rule should not apply to the present case, as the rule is based on the fact that the maker or manufacturer of the article is in a better position to know of its defects and condition than the consumer who handles and uses it. If the explosion of the bottle was caused from an overcharge of gas, a defect in the bottle, or improper capping of the bottle, the defendant is in a better position to know of that fact than the plaintiff. In other words, the defendant here is in exactly the same position as the chemical company was in the cited case.

In this connection, counsel argue that there are many other factors that could have caused the bottle to burst than those arising in its manufacture and preparation, and it would be unfair to hold the manufacturer liable for these other causes when it is in no better position to determine them than the plaintiff himself. But the defendant is not required to exculpate itself from blame for causes that cannot be attributed to defects or faults in the manufacture and bottling of the article, or for causes arising from the improper handling of the bottle by some other person. When and if defendant shows with reasonable certainty that the explosion of the bottle could not have been caused by any defects or faults in its preparation and manufacture, it will have rebutted the prima facie case of negligence against it on account of any defects or faults flowing from the fact that it manufactured and bottled the article.

Plaintiff has made the affirmative allegation that the bottle had not been opened or tampered with, or improperly handled, from the time it left the possession of the defendant until the time of the attempted opening of the bottle by him. As already stated, it is not incumbent on defendant to refute or disprove this allegation, but it devolves on the plaintiff to prove it, and, unless plaintiff does prove with legal and rea-

 

sonable certainty that this bottle was not handled by some other person in such a way as to cause it to explode and further show that no other contributing cause could have intervened, the defendant cannot be required to affirmatively show that the explosion did not arise from a defect or vice in its manufacture. In other words, before plaintiff can shift to the door of defendant the necessity of an explanation for the cause of the bursting of the bottle under the res ipsa loquitur doctrine, plaintiff must present a situation by proper proof where the inference can be reasonably drawn that the cause of the explosion of the bottle arose from some defect in its preparation and manufacture. We see nothing unfair or inequitable in this rule.

On this point, we again quote from the case of Motor Sales & Service, Inc., v. Grasselli Chemical Company, supra, as follows: "That the drum of sulphuric acid, at the time of the accident, was not under the immediate control of the Grasselli Company, we believe to be unimportant, because, if the cause of the accident was the inherent nature of the acid, or defect in the drum, or carelessness in the placing of the bung in the drum, none of these could have been within the knowledge either of plaintiff, or of the other defendant, Peter, and it would be only fair to require that the Grasselli Company absolve itself from negligence, which must be presumed in this case from the mere happening of the accident."

Finding no cases in Louisiana exactly in point, counsel on both sides have cited several cases in other jurisdictions pro and con on the proposition that the rule of res ipsa loquitur does or does not apply in suits for damages against the manufacturer caused by the bursting or explosion of bottles charged with carbonated liquids. There is a conflict in the authorities on this point, and we do not consider it necessary to discuss these authorities in detail, nor to make an effort to reconcile them. Suffice it to say that the most appropriate case supporting the contention of the defendant is the case of Wheeler v. Laurel Bottling Works, 111 Miss. 442, 71 So. 743, and reported with annotations in L.R.A.1916E, p. 1074. In that case, there was no question of pleading involved, but the court refused to apply the doctrine of res ipsa loquitur to the facts, but a reading of the opinion shows that even in that case the evidence introduced by the defendant gave a very satisfactory explanation of the conditions under which the bottle was manufactured, and rather dis-

proved negligence on the part of the defendant, the court being unable to determine from the evidence just what caused the bottle of Coca-Cola to explode. In our opinion, the case of Stolle v. Anheuser-Busch, Inc., 307 Mo. 520, 271 S.W. 497, 39 A.L.R. 1001, decided by the Supreme Court of Missouri, is more in point and more consonant with our own jurisprudence on the subject. That case came to the Missouri Supreme Court on an appeal from a judgment which sustained a demurrer to the plaintiff's petition where very similar allegations to those in this case were made for damages caused by the bursting of a bottle of "Budweiser" manufactured by the defendant company. The plaintiff made general allegations of negligence against the defendant in the manufacture of the beverage, and relied on the doctrine of res ipsa loquitur for a recovery. The court reversed and remanded the case, holding that the demurrer was not well founded. We think the reasoning and conclusion of the court in that case are sound and in accord with our jurisprudence.

For the reasons assigned, the judgment appealed from is avoided, annulled, and reversed, and the exception of no cause or right of action is overruled, and the case is remanded to the lower court for trial and for such other proceedings as are not inconsistent herewith; defendant and appellee to pay the cost of the appeal, and all other costs to await the final termination of the case.