GLADNEY, Judge.
This is an action in tort by plaintiff, who alleges she became ill as a result of drinking a portion of the contents of a bottle of Coca Cola containing a foreign or. deleterious substance. The Bunkie. Coca Cola Bottling Company, Inc., the manufacturer and distributor of the bottled beverage, is made defendant. The case is on appeal from a judgment on the merits rendered in favor of plaintiff.
The evidence is free from serious dispute. Plaintiff, an operator and owner of a beauty shop in Bunkie, Louisiana, on May 8, 1953, was in her place of business at which time there were also present Mrs. Nell Newton, Mrs. E. Cole and Mrs. Evelyn Reynolds. In the presence of the above named persons she secured a bottle of Coca Cola from a coin operated self-dispensing machine situated in the reception room of the beauty shop; and after opening the bottle had drunk about one-half of its contents when she felt within her mouth some foreign, slimy substance, and within a short time became acutely ill and so nauseated that she had to secure medical attention from Dr. J. G. Dupree, who also treated her on May 11 and 23, 1953. For a period of thirty days she was weak and could only partially attend to her business. Her testimony was corroborated by Mrs. Nell Newton, Mrs. E. Cole and Mrs. Evelyn Reynolds.
The dispensing machine from which plaintiff obtained the bottle was leased by plaintiff from the defendant and was from time to time refilled by an employee of the defendant, except that on some occasions it was filled by an employee of plaintiff from reserve' cases purchased by plaintiff and stacked conveniently near the machine. Not infrequently a key which opened the machine remained in the lock.
The remainder of the contents of the offending bottle of Coca Cola was forwarded to Law' & Company, consulting and' analytical chemists of Atlanta, Georgia, who gave the following report on the contents so analyzed by them:
“This liquid sample contained much brownish sediment.
“The liquid had a sour odor when received. A small amount of free phosphoric acid was present.
“The sediment was mainly inorganic and consisted of sand and clay (dirt). *853 Some iron oxide was present. Some •coarse, dark organic matter was found, chiefly paper fibers, plant tissue, mold growths and trash.
“No arsenic was found and no heavy metals.”
Defendant presented evidence describing its methods of bottling and inspection, which it contended rendered it highly improbable any foreign substance could get into the bottle or its contents before being capped and made ready for consumption by the public. It was admitted, however, that it had delivered to plaintiff the bottles which were placed in the dispensing machine, and further, that over a period of sixteen years it had received some complaints about foreign particles in the capped bottles, and it was possible for such to occur.
The proof offered in support of plaintiff’s case, it may well be conceded, conclusively shows that defendant was the distributor of the offending bottle; that there was a foreign substance in the bottle, and that she suffered injury by reason of its presence therein. Plaintiff, however, did not tender independent proof that the bottle containing the deleterious ingredient had not been tampered with or improperly handled after it left defendant’s possession. Thus, it was entirely possible for anyone-in plaintiff’s place of business to tamper with and recap a bottle being removed and uncapped for consumption. The evidence does reasonably show an absence of any indication of having been opened prior to the time it was uncapped by Mrs. Morrow.
In his assigned reasons for judgment the District Judge held that under the decision of Le Blanc v. Louisiana Coca Cola Bottling Co., 1952, 221 La. 919, 60 So.2d 873, plaintiff had made out her case by a preponderance of the evidence. Prior to the Supreme Court decision of the Le Blanc case, in actions predicated on an injury from a foreign or deleterious substance in a bottled beverage it was incumbent upon a plaintiff to prove not only the source-of the bottle, the presence of the substance and injury therefrom, but it was also necessary to show by independent proof that the bottled drink had not been tampered •with or improperly handled after it left defendanfs bottler’s possession, and if the evidence failed of proof in this latter respect, the doctrine of res ipsa loquitur could not be invoked. This ruling was applied in the following cases: Jenkins v. Bogalusa Coca Cola Bottling Co., 1941, La.App., 1 So.2d 426; White v. Coca Cola Bottling Co., 1943, La.App., 16 So.2d 579; Rowton v. Ruston Coca Cola Bottling Co., Inc., 1944, La.App., 17 So.2d 851; Camp v. Homer Coca Cola Bottling Co., Inc., 1944, La.App., 20 So.2d 186; Mayerhefer v. Louisiana Coca Cola Bottling Co., 1951, 219 La. 320, 52 So.2d 866; Nichols v. Louisiana Coca Cola Bottling Co., 1950, La.App., 46 So.2d 695; and Day v. Hammond Coca Cola Bottling Co., 1951, La.App., 53 So.2d 447.
Other cases principally by way of dicta seemed to approve a rule whereby after it was shown by a preponderance of evidence the beverage contained a foreign substance, plaintiff consumed it, and was ill as a result, the burden of proof then shifted to the defendant to show the foreign matter did not enter the beverage during the bottling or manufacturing process. Doyle v. Fuerst & Kraemer, 1911, 129 La. 838, 56 So. 906, 40 L.R.A.,N.S., 480; Costello v. Morrison Cafeteria Co. of Louisiana, Inc., 1931, 18 La.App. 40, 135 So. 245; Hill v. Louisiana Coca Cola Bottling Co., 1936, La.App,, 170 So. 45; MacLehan v. Loft Candy Stores, Inc., 1937, La.App., 172 So. 367; Dye v. American Beverage Co., Inc., 1940, La.App., 194 So. 438.
In following the views expressed in Hill v. Louisiana Coca Cola Bottling Co. and Dye v. American Beverage Co., supra, the opinion in the Le Blanc case had this to say [221 La. 919, 60 So.2d 874]:
“In the Dye case it was stated that:
“' * * * where the plaintiff shows by a preponderance of evidence that the beverage contained a foreign substance, that ■ he. consumed it and suffered injuries as a result, the burden of proof shifts to the defendant to ex *854 cuse itself from liability by proving to the satisfaction of the court that the foreign matter did not enter the beverage during the bottling or manufacturing process.’
“The ruling in the Dye case is predicated, of course, on the assumption that the plaintiff has shown that he purchased the beverage in its original container, a capped and airtight bottle for — obviously, without such proof there is no occasion to indulge in any sort of presumption. But, when it is shown that there was nothing unusual about the bottle and that it was in apparent good condition at the time plaintiff uncapped it, it is logical to infer that it had not been mishandled or its contents disturbed after it left the manufacturer’s plant for distribution. Accordingly, when, under such circumstances, plaintiff proves that the beverage contains unwholesome matter and that he sustained injury from its consumption, he establishes a prima facie case for the assessment of damages.”
The decision in the Le Blanc case thus has departed from the rule heretofore followed in those decisions which imposed strict conditions precedent upon the plaintiff before the doctrine of res ipsa loquitur could be imposed. Since, as in the instant case the plaintiff in the Le Blanc case did not tender independent proof the bottle containing the deleterious ingredient had not been tampered with or improperly handled after it left defendant’s possession, but did show that there was nothing unusual about the bottle and that it was in apparent good condition at the time plaintiff uncapped it, the facts of the two cases cannot be distinguished. The plaintiff herein therefore, must be held to have established her case.
Plaintiff was acutely ill after drinking the contaminated beverage and such illness persisted with some discomfort for some thirty days. The District Judge allowed as damages $515, which included medical expenses. The amount so allowed appears to us to be neither excessive nor inadequate. It follows from our findings as hereinabove set forth, that the judgment from which appealed should be and is hereby affirmed at appellant’s cost.