158 So.2d 239 (1963)
WESTCHESTER FIRE INSURANCE COMPANY
v.
Percy B. DARDAR, James C. Bonner, Jr. and Joseph J. Scalise.
No. 1207.
Court of Appeal of Louisiana, Fourth Circuit.
December 2, 1963.
*240 Bienvenu & Culver, J. S. Arceneaux, New Orleans, for plaintiff-appellant.
S. R. Perez, New Orleans, for defendant-appellant Percy B. Dardar.
Porteous & Johnson, C. Gordon Johnson, Jr., and Benjamin C. Toledano, New Orleans, for defendant-appellee James C. Bonner, Jr.,
Drury, Lozes, Dodge & Friend, Felicien P. Lozes, New Orleans, for defendant-appellee Joseph J. Scalise.
Before SAMUEL, CHASEZ and HALL, JJ.
SAMUEL, Judge.
This is an action for property damages resulting from an intersectional automobile collision. Plaintiff is the subrogated insurer of the owners of immovable property damaged in the stipulated amount of $338.00. Defendants are the drivers of the two automobiles involved in the collision and the driver of a truck parked near the intersection in which it occurred.
The accident took place during the early afternoon in the intersection of Chartres Street and St. Maurice Avenue in the City of New Orleans. Chartres is the superior *241 street and the intersection is controlled by a stop sign on St. Maurice requiring traffic on St. Maurice to come to a stop before entering. Because of a building at the corner, and additionally because of the parked truck, the intersection was a blind one.
The defendant Dardar was driving his car on St. Maurice towards the river and the defendant Bonner was driving his car on Chartres in the direction of St. Bernard Parish so that the Bonner vehicle approached from Dardar's right. The third defendant, Scalise, had left his vehicle, a large walk-in truck with an enclosed body approximately nine feet in height, after parking the same on St. Maurice within 2 or 3 feet of, and on the same side of the street as, the stop sign. As parked, the truck was on its left side of the street facing oncoming traffic with its rear closer to the sign, thus effectively blocking the stop sign from the view of a driver, in this case Dardar, on St. Maurice approaching the intersection.
As Bonner entered the intersection he was traveling at a speed of 15 miles per hour. Dardar entered the intersection at a speed of 20 miles per hour without stopping. The front of the Dardar car struck the left front door and fender of the Bonner car when the latter was about two-thirds of the way across the intersection. As a result of the collision Bonner lost control of his car and his vehicle ran into a corner grocery store causing the damages for which this suit was brought.
Dardar did not see the Bonner vehicle until it was in front of him immediately before the collision. Bonner did not see the Dardar vehicle until after the collision had actually occurred. Bonner was familiar with the area, knew that he was on a right-of-way street and knew of the presence of the stop sign on St. Maurice. Dardar was unfamiliar with the area. He had encountered no other stop signs on St. Maurice while proceeding towards Chartres and he was not aware of the fact that he was entering a superior street.
There was judgment in the trial court in favor of the plaintiff and against the defendant Dardar in the stipulated amount. The judgment as to the other two defendants, Bonner and Scalise, was in favor of those defendants and against the plaintiff, dismissing the latter's suit as to them. Plaintiff has prosecuted this appeal from that portion of the judgment which is in favor of Bonner and Scalise. Dardar has appealed from the judgment rendered against him.
The plaintiff in the instant case occupies the position of an innocent third party whose property has been damaged as a result of an accident. Therefore, it is necessary for each of the three defendants to exculpate himself from negligence which caused the collision. The rule is well settled that where the property of an innocent party is damaged as a result of an accident between automobiles, the operators of which are made solidary defendants, the burden of proof is upon each defendant to exculpate himself from negligence and each must be deemed guilty of negligence per se in the absence of any showing to the contrary. Equitable Fire and Marine Ins. Co. v. Allstate Ins. Co., La.App., 137 So.2d 366; Insurance Co. of North America v. Gore, La.App., 106 So. 2d 471; Marquez v. Miller, La.App., 64 So.2d 526.
There can be no serious question about the negligence of Dardar. Without exercising any degree of care or caution he drove blindly into a blind intersection, and into a street which enjoyed the right-of-way both by reason of the stop sign and (if the intersection had been uncontrolled) as a result of the fact that the other driver approached from his right. See Sec. 38-133(b) Traffic Ordinance, City of New Orleans and LSA-R.S. 32:237 (A). Traveling at 20 miles per hour he ran into the Bonner car without seeing that car until it was immediately in front of him. He was negligent, and therefore liable, even though he was unable to see *242 the stop sign. Where an automobile driver approaches a blind intersection, even where the two streets are of equal dignity, he must exercise a greater degree of care than is ordinarily required, must enter the intersection at a reasonable speed and must make certain before entering that there is no other vehicle about to enter. Emmco Insurance Company v. Guidry, La.App., 139 So.2d 559; Equitable Fire and Marine Ins. Co. v. Allstate Ins. Co., supra; Briscoe v. State Farm Mutual Automobile Ins. Co., La.App., 134 So.2d 128.
We are of the opinion that Bonner was free of negligence and is therefore not liable. It is now our well settled law that a motorist, who is on a right-of-way street as he approaches an intersection where traffic on the less favored street is required to stop and is warned of this requirement by a stop sign, has a right to assume that any driver approaching from the less favored street will observe the law; ordinarily he is not negligent in proceeding past a blind corner into the intersection at a reasonable speed or in failing to observe the approach of a vehicle on the less favored street when the view is blocked; and until he sees that the other car is not going to observe the law he has the right to assume that the latter will come to a stop in compliance therewith. Noonan v. London Guarantee & Accident Company, La.App., 128 So.2d 918; Janice v. Whitley, La.App., 111 So.2d 852; Ehtor v. Parish, La.App., 86 So.2d 543. In the instant case it is quite clear that Bonner was driving at a reasonable speed and had no opportunity of observing the approach of the Dardar car.
The question of liability on the part of Scalise is more complicated. There is no doubt about his negligence. He parked his truck 2 or 3 feet from the stop sign in violation of Section 38-165(7) of the Traffic Ordinance of the City of New Orleans which, among other things, prohibits such parking within 15 feet of a stop sign. In violating the ordinance he was guilty of negligence per se. Bertrand v. Trunkline Gas Company, La.App., 149 So.2d 152; Dixie Drive It Yourself System, etc. v. American Beverage Co., 242 La. 471, 137 So.2d 298; Todd v. New Amsterdam Casualty Co., La.App., 52 So.2d 880.
The more difficult problem is whether or not Scalise contributed to the occurrence of the accident to the extent that his parking of the truck was a proximate cause thereof. We are of the opinion that it was and that Scalise must be held solidarily liable with Dardar.
The principal, and possibly the sole, purpose of the ordinance which prohibits parking within 15 feet of a stop sign is to prevent the parked vehicle from obstructing view of the sign from approaching motorists who are required to obey the same. If such motorists are unable to see the stop sign its very purpose is destroyed. Here there is no question but that the parked truck completely blocked the sign from Dardar's view; and the occurrence of an accident as a result of such parking was foreseeable on the part of Scalise. Under the rule set out in the case of Dixie Drive It Yourself System, etc. v. American Beverage Co., supra, we are required to hold that Scalise's action in parking his truck as he did was a proximate cause of the collision. We note that in Dixie Drive It Yourself (at page 487 of the Louisiana Citation and page 304 of the Southern) the Court said: "The mere possibility that the accident would have occurred despite the required precautions does not break the chain of causation." See also Bertrand v. Trunkline Gas Company, supra; Bergeron v. Greyhound Corporation, La.App., 100 So.2d 923; Todd v. New Amsterdam Cas. Co., supra. On the particular point involved the instant case is stronger than Dixie Drive It Yourself for in the latter the large parked truck could be seen by the approaching motorist while here Dardar had no opportunity of seeing the stop sign because of the parked Scalise truck.
*243 For the reasons assigned, the judgment appealed from is reversed only insofar as the same is in favor of the defendant, Joseph J. Scalise, and dismisses plaintiff's suit as against him. And the judgment is amended only insofar as to cast said defendant, Scalise, solidarily liable with the defendant, Percy B. Dardar. As thus amended, and in all other respects, the judgment is affirmed; costs in both courts to be paid by said defendants, Dardar and Scalise.
Reversed in part; amended and affirmed. in part.