185 So.2d 44 (1966)
Everette F. GAUTHREAUX
v.
Harry HOGAN et al.
No. 2169.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1966.
*45 Stephen J. Hornyak, Gretna, for plaintiff-appellee.
Adams & Reese, Joel L. Borrello, New Orleans, for defendants-appellants.
Before SAMUEL, CHASEZ and BARNETTE, JJ.
SAMUEL, Judge.
This is an action for damage to a building resulting from an intersectional collision between two motor vehicles, a sedan and a station wagon. Plaintiff is the owner of the building. There are three defendants, the driver of the sedan, the owner of that vehicle and the liability insurer of the station wagon. Damages were stipulated in the amount of $655.90. The insurer of the station wagon, Aetna Casualty and Surety Company, has prosecuted this appeal from a judgment in the stipulated amount against all three defendants in solido. In this court appellant has filed an exception of no cause of action. The other two defendants have not appealed and they are not before us.
The record contains the testimony of six witnesses, three for plaintiff, two for those defendants who have not appealed, and one for appellant. Plaintiff's witnesses consisted of himself, a friend who was called to the scene and the investigating deputy sheriff, none of whom saw the accident; the deputy did give pertinent testimony relative to the location of the cars, statements made by the drivers, and other matters. Appellant's witness was the driver of its insured's station wagon. Testifying for the other two defendants were the driver of the sedan and a passenger in that car. The record establishes the following undisputed facts:
The accident occurred on January 2, 1965 at approximately 10:45 p. m. in the intersection of Lafayette and Second Streets in the City of Gretna. The night was clear and the area was well lighted; there was a light standard at the intersection. It had been raining prior to the accident and the streets were wet. Lafayette is a paved, two-way street running generally north-south. Second, a one-way street for traffic traveling in an easterly direction, runs generally east-west, intersecting and crossing Lafayette. Second is a paved street on the western side of Lafayette. *46 Lafayette is the favored street and there is a stop sign on Second requiring traffic on that street to stop before entering the intersection. There is a building on the northwest corner of the intersection which extends to the sidewalks resulting in a "blind" intersection for vehicles approaching from the north on Lafayette and from the west on Second; neither such vehicle can be seen by the other until just before one of them reaches the intersection.
The appellant station wagon was on Lafayette in its proper (west) lane, traveling south within the legal speed limit as it approached the intersection. The sedan was on Second traveling east. The collision occurred near the center of the intersection but in the west lane of Lafayette and in the center area of Second Street. The front of the station wagon struck the approximate center of the sedan's left side causing the latter vehicle to turn around and skid across the balance of the street and the sidewalk into plaintiff's building on the southeast corner of the intersection, a distance of about 15 or 20 feet from the point of collision. The rear of the sedan struck and entered the building. The station wagon was also turned around; it came to rest about 5 feet from the point of collision.
The driver of the station wagon testified: There was no other traffic on Lafayette at the time. He did not see the sedan until it suddenly entered the intersection just about 20 feet in front of him immediately before the collision. He applied his brakes but was unable to avoid striking the sedan. He was familiar with the intersection, knew he was on a favored street and knew of the presence of the stop sign on Second.
The driver of the sedan testified: She was unfamiliar with the area. But she did see the stop sign and did stop for the intersection. From her stopped position she could see both ways on Lafayette. She looked to her left and right, saw nothing approaching, and proceeded to cross. She did not see the station wagon until after the impact and could give no reason why she failed to see that vehicle before entering the intersection.
The other witness for the defendants who have not appealed was the mother of the sedan's driver. She testified only that her daughter had stopped for the intersection and looked both ways. However, she spoke little English and could not remember where she had been seated in the car; she didn't see the stop sign, the station wagon or the street light.
The first matter presented for our consideration is the exception of no cause of action filed in this court by appellant. As the petition relies on the doctrine of res ipsa loquitur and does not allege specific acts of negligence on the part of either defendant driver, appellant argues that the petition thus fails to allege a cause of action.
We are satisfied that the doctrine of res ipsa loquitur is applicable in this case. Plaintiff could have little, if any, information regarding the manner in which the accident occurred; he was not present at the time of that occurrence. On the other hand, the defendants, who include one of the drivers and those responsible for the actions of both drivers, should be informed as to the facts of the accident. Under these circumstances the plaintiff need not allege the precise cause of the accident, which itself makes out a prima facie case of negligence on the part of the defendants; plaintiff is only required to make a general allegation of negligence. Day v. National U. S. Radiator Corp., 241 La. 288, 128 So. 2d 660; Costello v. Morrison Cafeteria Company of Louisiana, 18 La.App. 40, 135 So. 245. The exception of no cause of action must be overruled and dismissed for this reason alone.

*47 ON THE MERITS
Plaintiff is an innocent third party whose property has been damaged as a result of the accident. It is therefore incumbent upon each defendant to exculpate herself or itself from negligence which caused the collision. The rule is that where the property of an innocent plaintiff is damaged as a result of an accident between motor vehicles, the drivers of which are made solidary defendants, the burden is upon each defendant to exculpate himself from negligence and each must be deemed guilty of negligence in the absence of any showing to the contrary. Hulin v. Guilbeaux, La.App., 171 So.2d 713; Westchester Fire Insurance Co. v. Dardar, La.App., 158 So.2d 239; Jones v. Southern General Insurance Company, La.App., 157 So.2d 335; Emmco Insurance Co. v. Liberty Mutual Insurance Co., La.App., 138 So.2d 822; Equitable Fire and Marine Ins. Co. v. Allstate Ins. Co., La.App., 137 So.2d 366; Insurance Co. of North America v. Gore, La.App., 106 So.2d 471; see Gulf States Utilities Company v. Guidry, La.App., 183 So.2d 122.
In the instant case the record establishes that the appellant driver was free of negligence. As this court said in Westchester Fire Insurance Company v. Dardar, supra, 158 So.2d at page 242:
"* * * It is now our well settled law that a motorist, who is on a right-of-way street as he approaches an intersection where traffic on the less favored street is required to stop and is warned of this requirement by a stop sign, has a right to assume that any driver approaching from the less favored street will observe the law; ordinarily he is not negligent in proceeding past a blind corner into the intersection at a reasonable speed or in failing to observe the approach of a vehicle on the less favored street when the view is blocked; and until he sees that the other car is not going to observe the law he has the right to assume that the latter will come to a stop in compliance therewith. Noonan v. London Guarantee & Accident Company, La.App., 128 So.2d 918; Janice v. Whitley, La.App., 111 So.2d 852; Ehtor v. Parish, La.App., 86 So.2d 543. * * *"
The driver of the station wagon had the right-of-way and the right to assume the sedan would come to a stop and not enter the intersection until it was safe for it to do so. We are satisfied he had no opportunity of observing the approach of the sedan and that the latter suddenly entered the intersection, and the lane of Lafayette Street in which the station wagon was traveling, so close to the station wagon it was impossible for appellant's driver to avoid the collision. The accident was caused solely by the negligence of the other driver in entering the intersection when obviously it was not safe to do so and in failing to yield to the station wagon that vehicle's right-of-way. The driver of the sedan either failed to stop for the intersection or, having stopped, failed to see what she should have seen.
For the reasons assigned, the exception of no cause of action filed by appellant in this court is overruled and dismissed at appellant's cost. The judgment appealed from is reversed only insofar as it casts the appellant and that judgment is amended only insofar as to order that there be judgment in favor of the defendant-appellant, Aetna Casualty and Surety Company, and against the plaintiff-appellee, Everette F. Gauthreaux, dismissing plaintiff's suit as against that defendant. As thus amended, and in all other respects, the judgment appealed from is affirmed; costs of this appeal, other than such as may result from the filing of the exception of no cause of action in this court, to be paid by the plaintiff-appellee.
Reversed in part; amended and affirmed in part.