HALL, Judge.
In this suit plaintiff seeks to recover damage to her fence which resulted from a collision between a taxicab and another automobile. Made solidary defendants are Cortlandt Keith Caliup, driver of the taxicab; Emile Jackson, owner thereof; St. Louis Fire and Marine Insurance Company, liability insurer of the taxicab; Mrs. Emily H. Bergeron, driver of the other automobile, and her husband, Darryl L. Bergeron. Service of process was not had on Mrs. Ber-geron, driver of the automobile, neither was it had on Caliup, driver of the taxicab; however answer was filed on his behalf by the insurance company.
Following trial on the merits a judgment by default was rendered in favor of plaintiff and against Darryl L. Bergeron, owner of the automobile, in the sum of $336.00 plus interest and costs, and plaintiff’s suit was dismissed as to Caliup, driver of the taxicab, its owner, Jackson, and the insurer, St. Louis Fire and Marine Insurance Company. Plaintiff prosecutes this appeal from that part of the judgment which dismissed her suit against Caliup, Jackson and their insurer. No appeal was taken by Darryl L. Bergeron and the default judgment against him is now final.
Plaintiff is the owner of the residence situated on the uptown lake corner of St. Charles Avenue and Delachaise Street in the City of New Orleans. On December 19, 1964 at approximately 3:20 A.M., a collision occurred at the intersection of St. Charles Avenue and Delachaise Street between an automobile driven by Mrs. Bergeron and a taxicab driven by Caliup. Following the impact the taxicab ran into and knocked down and otherwise damaged a portion of a “mild steel” fence which surrounds plaintiff’s residence. Damage to the fence amounted to $336.00.
Undoubtedly the doctrine of res ipsa loquitur applies to this case. Plaintiff would not have suffered the damage to her fence except for the negligence of one or both of the drivers of the vehicles involved and the burden of proof is upon each driver to exonerate himself from fault and each must be found guilty of negligence in the absence of a showing to the contrary. (See Gauthreaux v. Hogan, La.App., 185 So.2d 44; Westchester Fire Insurance Company v. Dardar, La.App., 158 So.2d 239; Equitable Fire and Marine Insurance Co. v. Allstate Insurance Co., La.App., 137 So.2d 366.)
The principal question posed for our determination is whether the proof adduced on behalf of the taxicab driver, Caliup, exonerates him from negligence. The defense on his behalf invokes the doctrine of “sudden emergency.” See Wallace v. Travelers Insurance Company, La.App., 195 So.2d 712, 718.
Neither of the drivers testified at the trial. Neither of them could be located despite diligent efforts on the part of both parties to do so. The only other eye witness *903 to the accident was one Russell McCants who was a passenger in the taxicab.
McCants testified that he was riding in the front seat of the cab beside the driver; that the cab was proceeding on St. Charles Avenue in an uptown direction at about 30 miles per hour; that as the cab crossed Louisiana Avenue, one block before reaching Delachaise Street, he noticed the other vehicle involved in the accident; that the other vehicle was also proceeding uptown on St. Charles Avenue in .the traffic lane to the left of the cab; that- both vehicles proceeded parallel to each other at about 30 miles per hour until just before reaching the intersection of Delachaise Street when the vehicle on the left of the cab speeded up a little and suddenly without warning attempted to make a right turn across the path of the cab in order to enter Delachaise Street toward the lake; that when “the girl” started across .the path of the cab, the cab driver “whipped over” to his right in order to avoid the collision; that the front bumper of the cab nevertheless glanced off of the right front wheel of the other vehicle knocking off the hub cap; that had the taxi driver not “whipped over” he would have struck the girl’s car broadside; that following the impact the taxicab ran through plaintiff’s fence and “went up under the house.”
The testimony of McCants clearly shows negligence on the part of Mrs. Bergeron, the driver of the other vehicle. However we are concerned here only with the question of negligence vel non on the part of the taxicab driver, Caliup.
Plaintiff testified, from measurements she made some months after the accident and after the fence had been repaired, that the place where the cab ran through her side fence on Delachaise Street (as shown by the repaired part of the fence) was 40 feet toward the lake from the corner of Delachaise Street and St. Charles Avenue and that from this place to the corner of her house was 100 feet.
It it contended on behalf of plain-that the 140 foot distance the taxicab trav-elled after the collision shows it must have been speeding at an unlawful rate at the moment of impact with the Bergeron car. As this Court has held on several occasions, what happens to an automobile after a collision is entitled to little weight in determining the speed of the car before the impact. (See for instance Harness v. Toye Brothers Yellow Cab Company, La.App., 170 So.2d 737). Moreover, the only eyewitness to the accident testified the cab was travelling only 30 miles per hour at the moment of impact. The speed limit on St. Charles Avenue is shown to be 35 miles per hour.
The testimony of McCants leaves no doubt that the taxi driver was confronted with a sudden emergency when Mrs. Ber-geron cut in front of him and that by “whipping over” to the right he did the only thing he could do to avoid killing or injuring the three persons involved. We are unable to hold him liable for what happened thereafter before he had time to recover from the excitement which must have been engendered by the emergency.
Plaintiff makes much of the fact of Caliup’s non-appearance at the trial to exonerate himself from the presumption of negligence. His absence at the trial is fully explained in the record. We are of the opinion that the testimony of McCants fully exonerates Caliup from negligence.
Plaintiff further contends that the defendant, Emile Jackson, doing business as an operator of taxicabs and owner of the cab driven by Caliup, must be found guilty of negligence because he conducted no safety schools for his drivers and did nothing to adequately train, teach safety to, and see to it that Caliup was a qualified and safe chaf-feur. Caliup was a licensed chauffeur and held a permit from the City authorizing him to drive a .taxicab and there is nothing in the record to show that he was an incompetent or an unsafe driver. The fact that *904 Emile Jackson did not conduct safety schools for his drivers had nothing to- do with .the damage to plaintiff’s fence.
For the foregoing reasons that portion of the judgment appealed from is affirmed, costs of this appeal to be borne by plaintiff-appellee.
Affirmed.