STOULIG, Judge.
The property damage which led to this suit was caused by an intersectional collision which took place on December 16, 1966, at the intersection of Atlanta and Octavia Streets in the City of New Orleans. Octavia and Atlanta are streets of equal dignity, and the intersection is uncontrolled.
The drivers of the colliding vehicles were Errolyn W. Redding and Judy Ann Wilson, a minor. After impact, the Red-ding vehicle careened some 60 feet and crashed into a house insured by the subro-gee-plaintiff in this action, The Travelers Insurance Company. The trial court allowed recovery against the Redding interests, but denied recovery as against the Wilson interests. Travelers has appealed that judgment.
We note, at the outset, that, as between a third person injured or damaged by an intersectional collision and the two offending drivers, it is presumed that each of the motorists was negligent, and each bears the burden of exonerating or exculpating himself of fault. Failure to meet this burden results in liability. As this court observed in Gauthreaux v. Hogan, 185 So.2d 44, 46 (La.App. 4th Cir. 1966), while analyzing an identical collision:
“We are satisfied that the doctrine of res ipsa loquitur is applicable in this case. Plaintiff could have little, if any, information regarding the manner in which the accident occurred; he was not present at the time of that occurrence.
On the other hand, the defendants, who include one of the drivers and those responsible for the actions of both drivers, should be informed as to the facts of the accident. Under these circumstances the *465 plaintiff need not allege the precise cause of the accident, which itself makes out a prima facie case of negligence on the part of the defendants; plaintiff is only required to make a general allegation of negligence. Day v. National U. S. Radiator Corp., 241 La. 288, 128 So.2d 660; Costello v. Morrison Cafeteria Company of Louisiana, 18 La.App. 40, 135 So. 245. * * *”
The question at issue therefore, is a factual one, namely, whether the Wilson interests bore the burden of exonerating Judy Ann from causative negligence.
The only fact witness to testify was Miss Wilson herself. Her testimony was uncontroverted, and unless internally inconsistent or at odds with the known physical facts, must be taken as true.
Miss Wilson testified that she stopped or slowed her vehicle before entering the intersection, looking first left, the direction from which the Redding car was approaching, then right, then left again before proceeding. She testified further that when she looked to the left, there was no vehicle within a range of reasonable danger. Her contention is that the Redding vehicle was outside that range and that the collision occurred only because of Errolyn Redding’s excessive speed.
Based on Miss Wilson’s testimony and the judgment of the trial court (rendered without benefit of written reasons), we must conclude that Miss Wilson either preempted the intersection by reason of prior lawful entry, [Musco v. General Guaranty Insurance Company, 181 So.2d 881 (La.App. 4th Cir. 1966)], or entered simultaneously with the Redding vehicle thus gaining the statutory right-of-way granted motorists approaching from the right (LSA-R.S. 32:121).
Additionally, the trial court obviously determined that the failure of Miss Wilson to see the oncoming vehicle, despite her testimony that she looked, was not an act of negligence that efficiently contributed to the collision. Further, the rate of speed of the Redding car was necessarily considered to be an intervening and causative act of negligence. We can find no manifest error on the part of the trial judge in ruling that Miss Wilson had been exculpated.
Accordingly, the judgment appealed from is affirmed at plaintiff-appellant’s cost.
Affirmed.