*498
 
 JOAN BERNARD ARMSTRONG, Chief Judge.
 

 | ,The plaintiff, Nicole S. McCaskill, appeals from a judgment of the civil district court for the Parish of Orleans dismissing her claims against the defendants, Louis Rosiere and his insurer, Allstate Insurance Company. For the reasons that follow, we affirm the judgment of the trial court.
 

 Ms. McCaskill claimed that she suffered serious personal injuries from an intersec-tional collision, when a car she was operating was struck by a sports utility vehicle (SUV) owned and operated by Mr. Rosi-ere. She alleged several specific acts of negligence, including,
 
 inter alia,
 
 failure to observe a semaphore stop light, inattention, excessive speed, and failure to warn of his approach to the intersection of South Claiborne Avenue and Napoleon Avenue. Ms. McCaskill also made a claim for property damage to the car she was driving at the time of the accident, which she alleged was owned by DTG Operations. The defendants denied any negligence on Mr. Rosiere’s part, and alleged that the accident in question was caused in whole or in part through Ms. McCaskill’s fault. The defendants also pled an affirmative defense pursuant to La.R.S. 32:866, alleging Ms. McCaskill’s failure |2to comply with the compulsory motor vehicle liability security provisions of that statute.
 

 The matter proceeded to a bench trial, following which the trial court took the matter under advisement, rendering judgment on December 5, 2008 in favor of the defendants. In its reasons for judgment, the trial court accepted Mr. Rosiere’s testimony as credible, finding that the photographs entered into evidence supported his testimony that he was traveling at a low rate of speed at the time of the accident. Ms. McCaskill’s unrebutted testimony established that she had a flashing yellow light, but that she came to a complete stop at the light. The trial court found that Mr. Rosiere credibly testified that he had stopped at the flashing red light controlling his right of way, and then proceeded into the intersection, and that he was already in the intersection when Ms. McCas-kill’s car entered the intersection. The court further found that because Ms. McCaskill’s right of way was controlled by a flashing yellow light, she had a duty to proceed through the intersection with caution
 
 [1]
 
 . The trial court found that Ms. McCaskill breached that duty by having failed to yield to Mr. Rosiere’s SUV, which was already in the intersection.
 

 Ms. McCaskill contends that the following three findings of the trial court were manifestly erroneous: (1) that Mr. Rosiere had preempted the intersection; (2) that Mr. Rosiere, who proceeded into the intersection under a flashing red light, was not negligent in a collision with the plaintiff, who was proceeding under a |sflashing yellow light; and (8) the defendant was unable to avoid the accident because of other vehicles on the roadway.
 

 It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are
 
 *499
 
 as reasonable. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Appellate courts must constantly have in mind that their initial review function is not to decide factual issues
 
 de novo.
 
 When findings are based on determinations regarding the credibility of witnesses, the manifest error-elearly wrong standard demands great deference to the trier of fact’s findings; for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Wfliere documents or objective evidence so contradict a witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a fact finder’s finding is based on its decision to credit the testimony of one or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844-845 (La.1989).
 

 ]4The Louisiana Supreme Court has made it clear that in reviewing the factual findings of a trial court, an appellate court is limited to a detei'mination of manifest error.
 
 Hill v. Morehouse Parish Police Jury,
 
 95-1100, p. 4 (La.1/16/96), 666 So.2d 612, 614;
 
 Ferrell v. Fireman’s Fund Ins. Co.,
 
 94-1252 (La.2/20/95), 650 So.2d 742, 745;
 
 Stobart v. State through Dept. of Transp. and Development,
 
 617 So.2d 880, 882-83 (La.1993);
 
 Arceneaux v. Domingue,
 
 365 So.2d 1330, 1333 (La.1978).
 

 Ms. McCaskill bases her first assignment of error, that she had preempted the intersection at the time of the accident, on photographs taken by Mr. Rosiere of the accident scene. We have examined the documentary evidence in the record from the trial court, and particularly the photographs referred to in Ms. McCaskill’s appellate brief.
 
 [2]
 
 We are unable to ascertain from the photographs whether Mr. Rosi-ere or Ms. McCaskill had preempted the intersection. The damage to the vehicles shown in exhibits P2g, P2j, P21, P2k and P2t (showing taped bumper) is consistent with Mr. Rosiere’s testimony that the left front corner of his SUV made contact with the right front side of Ms. McCaskill’s car and that he attempted to turn to his right prior to impact to avoid the collision. The relatively minor damage to both vehicles supports the trial court’s conclusion rejecting Ms. McCaskill’s testimony that Mr. Rosiere was traveling at a speed of between thirty and forty miles per hour at the time of the collision.
 

 Ms. McCaskill correctly notes that La.R.S. 32:234 provides,
 
 inter alia,
 
 that (1) when a flashing red light controls an inter-sectional right of way, drivers of vehicles are required to stop before entering the intersection, and the right to 1 r,proceed shall be subject to the rules applicable after making a stop at a stop sign; and (2) when a flashing yellow light controls an intersectional right of way, drivers may proceed through or past such signal only with caution. It does not follow, however, that the fact that Ms. McCaskifl’s right of way was controlled by a flashing yellow light and Mr. Rosiere’s right of way was controlled by a flashing red light ends the fact finder’s inquiry. Louisiana recognizes
 
 *500
 
 the doctrine of preemption, by which a motorist entering an intersection from an unfavored street may be deemed to be without negligence, provided that he has made the first entrance to the intersection with reasonable care, for example, entering at a proper speed and looking both in the direction of approaching traffic and the opposite direction.
 
 See,
 
 La.R.S. 32:121;
 
 Travelers Ins. Co. v. Wilson,
 
 250 So.2d 463, 465 (La.App. 4th Cir.1971);
 
 Russell v. Bourgeois,
 
 102 So.2d 92, 94 (Orl.App.1958).
 

 Furthermore, the evidence is not clear that Ms. McCaskill’s right of way was controlled by a flashing yellow light. She testified that driving uptown on South Claiborne Avenue, she approached the Napoleon Avenue intersection with a flashing yellow light. She then testified that when she turned on to Napoleon Avenue, she once again faced a flashing yellow light. It does not appear to be reasonable to conclude that both Napoleon Avenue traffic and Claiborne Avenue traffic were controlled by flashing yellow lights, particularly in view of Mr. Rosiere’s testimony that the traffic signal controlling downtown-bound traffic on South Claiborne Avenue was flashing red at the time of the collision. This inconsistency in Ms. MeCas-kill’s testimony further supports the trial court’s decision to reject her description of the accident and to accept Mr. Rosiere’s testimony that he stopped for the flashing red light and proceeded into a clear | ^intersection, only to be struck by Ms. McCaskill’s car after he had preempted the intersection.
 

 Finally, Ms. McCaskill contends that Mr. Rosiere admitted negligence when he testified that had he turned a bit more, the accident could have been avoided. The question to be determined is whether Mr. Rosiere had a duty at the time he acted to make a sharper turn. Such a duty would require that he knew or, in the exercise of due care, should have known that such an action would have avoided the accident. In the trial court’s reasons for judgment, the court accepted Mr. Rosiere’s version of the event, that he was crossing the intersection at a speed under ten miles per hour when Ms. McCaskill’s car entered the intersection. He saw her car and attempted to maneuver his SUV out of the way, but, because of other vehicles on the roadway, he was unable to move his SUV, and Ms. McCas-kill’s car hit his SUV on the driver’s side. Our examination of the record in its entirety convinces us that this conclusion is reasonable and neither manifestly erroneous nor clearly wrong.
 

 Our review of the record in its entirety convinces us that the trial court’s findings are reasonable in light of that record. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Stated another way, we are instructed that before a fact-flnder’s verdict may be reversed, we must find from the record that a reasonable factual basis does not exist for the verdict, and that the record establishes the verdict is manifestly wrong.
 
 Lewis v. State through Dept. of Transp. and Development,
 
 94-2370 (La.4/21/95), 654 So.2d 311, 314. Although we accord deference to the fact finder, we are cognizant of our constitutional duty |7to review facts
 
 [3]
 
 , not merely to decide if we, as a reviewing court, would have found the facts differently, but to determine • whether the trial court’s verdict was manifestly erroneous, clearly wrong based on the evidence, or clearly without evidentiary support.
 
 Ambrose v. New Orleans Police Department
 
 
 *501
 

 Ambulance Service,
 
 93-3099 (La.7/5/94), 639 So.2d 216, 221;
 
 Ferrell v. Fireman’s Fund Ins. Co.,
 
 94-1252 (La.2/20/95), 650 So.2d 742, 745. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.
 
 Canter v. Koehring Co.,
 
 283 So.2d 716, 724 (La.1973).
 

 Applying this standard to the trial testimony and exhibits introduced in evidence in the instant case, it is clear that the trial court’s conclusions, accepting Mr. Rosi-ere’s version of the accident and rejecting Ms. McCaskill’s version, were not manifestly erroneous or clearly wrong. Therefore, we affirm the judgment of the trial court in favor of the defendants, Louis Rosiere and his insurer, Allstate Insurance Company, dismissing Ms. McCaskill’s claims.
 

 AFFIRMED.
 

 [1]
 

 . The trial court cited La.R.S. 32:234(A)(1); however, Ms. McCaskill's actions were controlled by La.R.S. 32:234(A)(2), which provides in pertinent part:
 

 “(2) FLASHING YELLOW OR AMBER (CAUTION SIGNAL)-When a yellow lens is illuminated with rapid intermittent (lashes, drivers of vehicles may proceed through or past such signal only with caution.”
 

 [2]
 

 . Ms. McCaskill makes particular reference to Plaintiff’s Exhibits P3h, P3k, P31, P3f, and P3a.
 

 [3]
 

 . See, LSA-Const. Art. 5, section 10(B).