### No. 723.

WILLIAM MARBURY, JR., ET AL., TESTAMENTARY EXECUTORS, AND JOSEPH P. CROSLEY vs. JAMES F. PACE.

Neither a citation of the defendant, nor a previous judgment of default, is necessary to the validity of a judgment based on the *confession* of the defendant.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Parsons, J.*

*R. W. & R. Richardson*, for plaintiffs and appellees.

*Garrett & Garrett* and *F. P. Stubbs*, for defendant.

The opinion of the court was delivered by

DeBLANC, J. On the eighteenth of April, 1867, more than ten years ago, plaintiffs filed in the district court for the parish of Ouachita a petition at the foot of which we have found the copies of two notes, for each eight hundred dollars, dated at Trenton, on the thirtieth of January, 1861, payable to the order of Slaughter & Crosley, one on the first of March, the other on the first of November, 1861, with interest at eight per cent from their maturity.

These notes were signed and delivered by defendant. On the eighth of October, 1866, he acknowledged said notes, and waived the prescription thereon.

On the twenty-fifth of March, 1867, he confessed judgment in favor of plaintiffs for the amount of those notes, with interest thereon at the rate of eight per cent from the first of March, 1864. For the payment of that judgment, he was allowed a delay of nearly two years.

In April, 1867, the district court rendered judgment against him. That judgment, according to its terms, is based, not only on defendant's undenied confession, but on the law, and on the evidence adduced in the case.

That judgment was forgotten in the archives of the court; no execution appears to have issued on the same. It was only in the month of March, 1877, that steps were taken to avoid an impending prescription and revive the judgment.

The suit for the revival was filed, and the usual citation served on defendant. This, he alleges, is the first notice he has had that such a judgment existed against him. He immediately applied for and obtained a suspensive appeal from the decree rendered in 1867, on his own confession, on his acknowledgment of the debt, his renunciation to a partly acquired prescription, and, we presume, on the two notes, copies of which precede that renunciation and confession.

Through their counsel, plaintiffs pray that the judgment of the lower court be amended, and defendant that it be reversed.

The grounds urged against the judgment and for its reversal are:

First—That it was rendered without previous default, and on insufficient evidence.

Second—That defendant was not indebted unto plaintiffs; but, as he was not cited, the judgment was obtained against him through error and fraud.

First—It is only when the defendant fails to appear, either in person or by his advocate, that a judgment by default may be taken against him. In this case, defendant appeared in person, and joined issue by confessing the facts set forth in plaintiffs' petition. His appearance not only dispensed but precluded plaintiffs from taking a default against him. C. P. 310, 357, 534.

As soon as the petition and confession were filed, the issue was joined, the suit began, and the judgment was rendered on as cogent, as incontestable, and as convincing evidence as can be submitted to a court of justice; the two notes sued upon, the acknowledgment of the notes, the confession of defendant, and his signature, his undisputed and admitted signature attached to the notes, to their acknowledgment, and to the confession. It would have been impossible to add to the proof which we have found in the transcript; that proof fully sustains the judgment.

Second—The issuance of a citation to, and its service on, one who has already confessed a judgment would be as vain and as useless a proceeding as one can imagine; for what is the object of citation ? . To summon defendant to comply with petitioners' demand, or deliver his answer in the office of the clerk of the court. When his answer is filed, and that answer expresses a willingness to comply with the demand, a citation to appear and do what the party has already done is not only not required but unauthorized.

Citation is the essential ground of all civil action, in ordinary proceedings, and, without it, those proceedings are absolutely null, unless the

defendant, of his own will, has appeared in the suit, and answered the demand. Defendant, Pace, has done nothing less; he has appeared, and, in the sense of the law, his written confession is one of those answers which waive citation, delay, and default, and left no issue to be tried. 5 R. R. 448.

. We are referred to Bouvier and Burrill for the meaning of the word "defendant," and we are informed that, without a suit, there can be no defendant. That a suit is a condition precedent to a confession of judgment, which can be made but by a defendant and in a *judicial proceeding.* We believe otherwise; the confession may be made in or out of court, before or during the trial. It must be proven on the trial and in court. The law does not prescribe any special form for the confession of a judgment.

That confession did not create a new obligation; no new debtor or creditor was substituted to those who held and owed the notes, and, if it were so, that fact would in no way affect the judgment, which is based on the evidence, the law, and the written confession of defendant duly proven in open court.

The charge that the judgment was obtained through fraud is repelled by defendant's acknowledgment of the debt; by his confession, which is couched in terms not calculated to take by surprise or deceive any one.

His counsel complains of an error made in the allowance of interest from 1861, instead of 1864. That error is the only one which exists in the judgment appealed from, and plaintiffs themselves have asked that it be corrected.

It is therefore ordered, adjudged, and decreed that, in so far as it allows interest at the rate of eight per cent on plaintiffs' claim, from the first of March and November, 1861, the judgment of the lower court be and it is hereby annulled, avoided, and reversed. And by reason of the law, the confession of judgment, and the evidence herein referred to being in favor of plaintiffs it is further ordered, adjudged, and decreed that they recover of the defendant, James F. Pace, the sum of sixteen hundred dollars, with eight per cent per annum interest thereon from the first of March, 1864, and the costs of the lower court. It is further ordered, adjudged, and decreed that, as above amended, the judgment of the lower court be and it is hereby affirmed; the costs of the appeal to be paid by plaintiffs.

Rehearing refused.