No. ——

First Circuit

---

LEBLANC v. RIVET

---

(February 12, 1927. Opinion and Decree.)
(March 8, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Appeal—Par. 145.**

Where a possessory action was changed to an action of boundary by consent of the parties, the judgment, being in consonance with this agreement, is a judgment by consent,' and, as such, is not appealable.

Appeal from the Parish of Assumption. Hon. Sam F. LeBlanc, Judge.

Action by Robert F. LeBlanc against Senat Rivet.

There was judgment for plaintiff and defendant appealed.

Appeal dismissed.

Chas. T. Wortham, of Donaldsonville, attorney for defendant, appellant.

Gilbert & Gianelloni, of Napoleonville, attorneys for plaintiff, appellee.

LECHE, J. Plaintiff alleges that defendant has disturbed him in his use, enjoyment and possession of a road along the upper edge of his tract of land, of which the road is part and portion, situated in the Parish of Assumption on the right bank of Bayou Lafourche. He prays for a writ of injunction for damages in the sum of five hundred dollars, and finally that defendant be perpetually restrained and prohibited from interfering with his use, enjoyment and possession of said road.

Defendant first excepted to plaintiff's demand and he then answered the same.

Defendant owns lands adjoining the upper boundary of plaintiff's, and it is evident that the difference between the parties consisted in the proper location of the boundary line between their respective tracts of land.

Pending this litigation, the parties entered into a written agreement under which a surveyor was employed and then appointed by the court to fix the boundary line which was in dispute. They further agreed that they would abide by the findings of the surveyor and that such findings would be made the judgment of the court.

In due time the surveyor made his report and thereupon the trial judge ren-

dered and signed a judgment in accordance with the agreement of the litigants.

The present appeal was taken by defendant, and plaintiff has filed a motion to dismiss.

We understood defendant to contend in oral argument that the judgment was not responsive to the pleadings, and in brief defendant contends principally that the judgment goes beyond the stipulations contained in the agreement.

The suit originally was instituted as a possessory action, but the parties who are sui juris and free to agree and contract as they please, by their agreement changed the action into one in boundary. So that, although it is patent on the face of the pleadings that the judgment is not in consonance therewith, the change was consented to and the judgment is beyond attack upon that ground by either of the parties. The other ground of complaint, that the judgment goes beyond the stipulations of the agreement is not sustained by the terms of the judgment which appear to be in strict accordance with the written agreement. It is a consent judgment and as such is not appealable. C. P., Art. 567; Priestly vs. Chapman, 130 La. 487, 58 South. 156.

The motion to dismiss is sustained and the appeal is hereby dismissed.