### JEFFCOAT et ux. v. HAMMONS.
### No. 4842.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1935.

C. A. Barnett, of Ruston, for appellants.

Elder & Elder, of Ruston, for appellee.

TALIAFERRO, Judge.

H. L. Jeffcoat and wife, on December 13, 1930, signed the following instrument in favor of S. G. Hammons, viz.:

"$515.00     December 13, 1930.

"I hereby acknowledge that I owe S. G. Hammons the sum of Five Hundred & Fifteen Dollars for an account now past due, and on which demand has been made, which amount with interest at the rate of eight per cent per annum I promise to pay, together with 10 per cent as attorney's fee in the event same is placed in the hands of an attorney for collection, and I hereby waive copy of petition, citation, time, notice of judgment and other legal formalities, and confess judgment in favor of S. G. Hammons for the above sum with interest and costs. And together with my wife who signs hereto with me, being duly authorized by me, we hereby waive the homestead exemptions granted under Arts. 244 et seq. of the Constitution of the State of Louisiana. This waiver is special as to this obligation only.

"Interest from the above date.

"H. L. Jeffcoat
"Mary Jeffcoat.

"Attest:
"C. W. Alexander
"R. C. Bullock."

A few months thereafter Hammons instituted suit on this obligation, and, without service of any character on Jeffcoat, after due proof, judgment was rendered and signed for the amount expressed in face thereof, principal, interest, and attorney's fee, with recognition of the homestead waiver therein. In November, 1933, Hammons caused execution to issue on said judgment, under which the sheriff of Lincoln parish seized a miscellaneous lot of personal property of Jeffcoat, a large part, if not all, of which is embraced in the homestead exemption established by the Constitution (article 11, § 1 et seq.). Before the seized property was sold by the sheriff, Jeffcoat and his wife instituted the present suit against Hammons, to which the sheriff was impleaded. They attack the validity of the instrument signed by them, the basis of the judgment being executed, on the grounds: (1) That their signatures thereto were secured through fraud and error, and that they were unaware that said instrument contained a waiver of their homestead and exemption rights; (2) that the homestead waiver referred to, if legal, did not become effective because not recorded as required by the Constitution, and the court was without right to recognize existence thereof before it was so registered; and (3) that said judgment, in so far as it recognizes the homestead waiver,

is null and void because rendered without previous service of petition and citation upon the husband and without compliance with any of the formalities required by law. It is conceded, however, that ordinarily judgment may be confessed and service of process waived by instrument under private signature for a debt past due; but it is alleged, this rule does not obtain in a case wherein recognition of waiver of homestead rights is sought.

Petitioners aver that they have filed with the sheriff of Lincoln parish, and with Hammons, affidavits wherein they declare the seized property to be exempt under the homestead laws of the state. They further aver that the seized property embraces all the property of every kind, character, and description they own, and that it includes feedstuffs for their stock, food for themselves and their children; that they are left destitute and without the necessities of life; that they earn a living for themselves and children by farming. Damages in several respects are alleged, including attorney's fee of $50, which they aver they have paid and promised to pay.

The prayer of the petition is that said judgment be decreed null and void for the reasons alleged, and the property seized thereunder be ordered released, with damages as set out.

This suit was brought in forma pauperis. Defendant moved to require plaintiffs to pay accrued court costs and to give bond for payment of all other costs of the case. In this motion it is alleged that plaintiffs are not paupers in the contemplation of Act No. 156 of 1912, as amended by Act No. 260 of 1918; and, further, that plaintiffs sue to recover, as element of damages, the fee of their counsel in the case, $50, which, they aver, "they have paid and promised to pay"; that the said acts prohibit charging of fee by counsel, except contingent upon recovery.

Replying to this motion, plaintiffs admit they paid their attorney $20 in cash, which they borrowed from a kinsman, and promised to pay him $30 additional. They disclaim ability to pay the costs of suit and furnish bond as moved for. The motion was overruled, after trial. Error of the court in this ruling is urged here.

Defendant, in answer, denies that these plaintiffs signed the instrument sued on in error or through fraud. He avers that while he did not consider registry of said instrument necessary to its vitality, yet he did have same recorded in the mortgage records of Lincoln parish on November 1, 1933. All the allegations of fact, relied upon by plaintiffs, as the basis of their action to recover herein, are denied.

The lower court rejected plaintiffs' demands and dismissed their suit. They appealed to this court.

### Motion to Dismiss.

■■ Appellee has moved to dismiss this appeal for the alleged reason that the question of whether the homestead waiver, relied upon by him is valid, is now a moot question. Appellants, before the seizure of their property by Hammons, mortgaged some of it to one J. T. Mendaries, who began foreclosure of the mortgage. Appellee brought suit against Mendaries and Jeffcoat to have the mortgage canceled as being executed to defraud him. The property was sold and proceeds ordered held by the sheriff until further court orders. The validity of the mortgage was upheld by the court and proceeds of sale ordered paid to Mendaries. The case was then compromised by the parties thereto, Hammons and Mendaries each getting a part of the funds.

The motion to dismiss is predicated upon the fact of Jeffcoat's joining in this compromise. We do not think this position tenable. The chattel mortgage assailed by Hammons was duly recorded before he seized the chattels under his judgment. If the mortgage was valid it primed the seizure. Jeffcoat's signature to the compromise was without material significance. He had nothing at stake, beyond the amount of credit he would get on his obligations to both parties. The real controversy was between Hammons and Mendaries. If the mortgage was valid, the latter was entitled to the proceeds; if invalid, they belonged to the former, provided the waiver is valid. They had the right to compromise their differences, to which Jeffcoat assented. In addition to this, other property is involved in this controversy besides that mortgaged to Mendaries, the status of which, whether exempt from seizure or not, is to be determined.

The motion to dismiss is overruled.

### Motion to Traverse.

■■ We do not think the motion to have plaintiffs declared ineligible to litigate in forma pauperis well founded. It is true they paid their counsel a part of the fee charged them, and promised to pay more, but it appears they borrowed the amount paid from a relative. The seizure dispossessed them of practically all their earthly possessions, and left them in an impecunious condition. It is

also true that the act says, "and attorneys at law, representing such clients are prohibited from charging fees except such as are contingent upon the amount recovered" (Act No. 156 of 1912, § 1, as amended by Act No. 260 of 1918); but we do not think a violation of the quoted provision would operate as a bar to the litigant's right to avail himself of the act as a whole, if his financial condition and the facts of his case otherwise disclosed eligibility therefor. The act contains no such penalty; we are not justified to read such into it. The prohibition is leveled at attorneys.

### Exception of No Cause and No Right of Action.

■■ This exception was filed in this court. To pass upon it, we are required to consider the entire record as made up. This being true, and in view of the decision reached by us on the merits, no benefit to the exceptor (appellee) would follow a decision thereon independent of a decision on the merits. Therefore, following a well-established rule of this court, we shall not pass upon the exception, but will dispose of the case on its merits.

### Merits.

■ The instrument executed by plaintiff and his wife, denominated "a confession of judgment note," states that the amount named therein was due on open account, on which demand for payment had been made. The signers promised to pay said amount, with interest and attorney's fee. Service of copy of petition, citation, notice of judgment, and other legal formalities, was waived, and judgment confessed. If the obligation is due, the obligor may confess judgment therefor by private instrument, and may waive service of process. Article 7, § 44, Constitution. Therefore, no valid objection lies against the failure to serve copy of petition and citation on Jeffcoat in the suit on this instrument. This had been waived in a lawful manner.

■■ The allegations of fraud and error in connection with the signing of this "confession of judgment note" are not sustained by proof. Plaintiffs tendered their own testimony to show that they never read this instrument before signing same and were not informed that it contained a homestead waiver. This testimony was properly excluded. Obligations may not be avoided on the ground of error simply because their contents are not known to the signers. It has been repeatedly held that one cannot avoid his obligations because he did not read, before signing, a document to which he attached his signature. It is the duty of every one to read

and understand written documents before committing themselves to liability thereon by signing them. No testimony to support the allegation of fraud was offered. No facts are alleged to constitute the alleged fraud, beyond those to the effect that plaintiffs did not know the instrument contained the waiver of their homestead rights.

■ It is not necessary to the continued validity of a homestead waiver that it be sued on or its existence judicially recognized. If this were not true, no executory process on mortgage containing a waiver could issue unless preceded by suit and judgment. A waiver in proper form reflects its own existence. It may be invoked against the pretensions of the debtor that the seized property is exempt from seizure under the homestead exemption laws of the state. Therefore, in this case, the fact that the court was asked to recognize the homestead waiver incorporated in the instrument sued on was unnecessary to the efficacy of the waiver; and where such recognition is prayed for, that fact does not render it indispensable to the validity of a judgment in the case that petition and citation be served, if such has been previously lawfully waived by the debtor.

■ Appellants earnestly contend that the homestead waiver was without effect because the Constitution says such "shall have effect from the time of recording." Article 11, § 3. The judgment recognizing the waiver was recorded prior to the seizure thereunder. The instrument containing the waiver was recorded a few days after the seizure, out of an abundance of caution, presumably, but before the filing of this suit and before the sale of the property by the sheriff. The Constitution does not prescribe any period of time within which a waiver must be recorded. It says its effect dates from registry. We do not think, however, this means effect as between those executing the waiver and those in favor of whom it is given. The rank of waivers, as to third persons, is controlled by the chronological order of their registry, and not necessarily by their own dates. To be effective against third persons, they must be recorded as is required of conveyances of real estate. Registry is also a protection to the seizing officer who may enlighten himself from the contents of the mortgage records, and obviate danger of being held for damages for seizing exempt property. If a waiver is of record, he is protected by it.

Since this appeal was lodged here, defendant died. All of his heirs, excepting issue of Arthur Hammons, predeceased son, have

made themselves parties to the appeal. It was agreed by counsel representing both sides that the appeal be considered and disposed of in its present status.

We are of the opinion the judgment appealed from is correct. It is affirmed, with costs.