**ROBINSON v. MILLER et al.**

No. 16736.

Court of Appeal of Louisiana. Orleans.

Nov. 2, 1937.

Edw. S. Spiro, of New Orleans, for appellants.

A. F. Higgins, of Gretna, for appellee Wilmot Schiffler.

James N. Brittingham, Jr., of New Orleans, for appellee Wm. Miller.

WESTERFIELD, Judge.

Mr. and Mrs. Henry Robinson brought this suit on behalf of their minor son, Henry Robinson, Jr., against William Miller and Wilmot Schiffler, claiming $8,000 as damages for physical injuries alleged to have been suffered by their son as a result of a collision between a Ford truck, owned and operated by one of the defendants, Wm. Miller, in which the plaintiffs' minor son was a guest passenger, and a Buick "Bus" owned and operated by the other defendant, Wilmot Schiffler. Both defendants filed exceptions of no right or cause of action. The court, a qua, rendered the following judgment on the exceptions:

"The exception of no cause or right of action interposed by counsel representing the defendant William Miller, having been tried, argued and submitted and the Court being of the opinion that the exception is well founded

"It is ordered, adjudged and decreed that the exception of no cause of action be and the same is hereby maintained and plaintiffs suit dismissed in so far as it affects the defendant William Miller, with costs.

"Now after having disposed of the above exception counsel for the other defendant W. Scheffler (or Shiffler) moved to adopt

the same procedure as that of counsel for defendant Miller and after argument the Court was and is of the opinion that the exception was not well founded and overruled same, but counsel representing the Plaintiff suggested and consented that the exception of no cause of action be maintained in order that the appellate Court pass upon these exceptions in order to avoid a second trial.

"Whereupon the Court stated and now states that it will adhede (accede) to the request of counsel for the Plaintiff, and maintain the exception of no cause or right of action as filed by counsel for W. Sceffler (or Sheffler). So accordingly.

"It is ordered, adjudged and decreed that the exception of no cause or right of action urged by counsel on behalf of W. Scheffler (or Shiffler) be and the same is hereby maintained and Plaintiff's suit dismissed with costs."

From this judgment plaintiffs prosecuted an appeal to this court.

Counsel for Schiffler filed a motion to dismiss the appeal based upon the ground that no appeal will lie from a consent judgment.

█ The law is well settled that an appeal will not lie from a judgment by consent. Article 567 C.P.; LeBlanc v. Rivet, 6 La.App. 205; Priestly v. Chapman, 130 La. 480, 487, 58 So. 156; Skinner v. Dameron, 5 Rob. 447; Marbury & Crosby v. Pace, 29 La.Ann. 557.

█ In the present instance, however, it is obvious that, so far as the defendant Wilmot Schiffler is concerned, there was simply a pro forma judgment rendered for the purpose of facilitating the trial of the question of law presented by the exceptions of no cause or right of action. A situation very similar obtained in the case of Police Jury v. Succession of McDonogh, 8 La.Ann. 341, where the defendant attacked the statute on which the plaintiff's suit was based as unconstitutional and by consent of the parties a judgment was rendered sustaining the plea of unconstitutionality. In the Supreme Court appellant contended that the judgment was consented to in order to facilitate the final disposition of the question of law raised by the plea of unconstitutionality. The court held that "a party may appeal from a judgment rendered in his favor, and at his own instance, to correct any errors in it; a fortiori he may appeal

from a judgment rendered against him to correct any errors, although he may have consented to that judgment, unless he has renounced the right of appeal." This case was cited with approval in Hewes v. Baxter, 45 La.Ann. 1049, 13 So. 817, and in Otwell v. Vaughan, 186 La. 911, 173 So. 527, where a full discussion of the subject may be found.

For the reasons assigned the motion to dismiss the appeal as to the defendant Schiffler is overruled.

Motion to dismiss overruled.