HARDY, Judge.
This suit was instituted by plaintiff, a foreign corporation, for the recovery of the principal sum of $299 represented by three trade acceptances executed by the original defendant, J. E. Dickinson, which had been discounted and purchased by plaintiff from the original payee, Carbo-zite Protective Coatings, Inc. Upon showing of death of the named defendant his widow and heirs were properly substituted as parties defendant. An answer filed by the original defendant was adopted by the parties substituted and thereafter an exception of no cause and no right of action was interposed on behalf of defendants. The exception was based upon the averment that plaintiff corporation was not authorized to do business in the State of Louisiana and therefore was without right to institute this action. In support of the allegation of the exception there was attached thereto a purported telegram from the Secretary of State of the State of Louisiana addressed to counsel for defendants stating that the records of the said official’s office did not indicate that the plaintiff corporation was qualified to do business in Louisiana. Apparently upon this representation and showing the exception was sustained and plaintiff’s suit dismissed. From judgment in accordance with such action plaintiff has brought this appeal.
While we have not been favored with argument or brief by counsel for defendants, it seems clear that the exception interposed in this case is predicated upon the provisions of LSA-R.S. 12:211 prohibiting any foreign corporation doing business in this State from bringng any judicial demand before any court of the State unless and until it has complied with the laws for doing business therein.
*802 Even conceding the.validity of the telegram from the Secretary of State, as to its content, it is to be observed that the information contained therein is restricted to a showing that plaintiff corporation is not qualified to do business in the State of Louisiana. There is no showing in the record before us that plaintiff is engaged in doing business in the State of Louisiana, and, on the contrary, it seems clear that plaintiff corporation does not transact any business in the State of Louisiana; that it has only one office, which is located in New York City, and that the trade acceptances upon which this suit is based were purchased by plaintiff in the State of New York.
The issue tendered by this appeal has recently been conclusively disposed by this court in Quaker Hill, Inc. v. Guin, 95 So.2d 370, in which we held, inter alia, that the question as to whether a foreign corporation is doing business in Louisiana, and, consequently, is affected by the statutory provisions of LSA-R.S. 12:211, is a mixed question of both law and fact which must be determined on the basis of the particular facts in connection with its operations. The opinion further held that the exception presented an affirmative defense, the burden of proving which rested upon the exceptor. This burden is in nowise discharged by the simple showing that a corporation is not qualified to do business in the State of Louisiana, for it is additionally essential that the fact be established by competent proof that the corporation is doing business within this State. It is pertinent to observe that the effect of the enforcement of the statute against corporations, engaged in the normal course of operation, as banking institutions and like enterprises in the purchase of negotiable instruments, simply because such institutions are not qualified to do business in the State of Louisiana, would have an unseemly and unintended effect which would seriously hamper ordinary commercial transactions upon which business so largely depends. It is obvious that such a result was never intended and should not be countenanced.
For the reasons assigned the judgment appealed from is annulled and set aside and the cause is remanded to the Honorable the Twenty-Sixth Judicial District Court in and for the Parish of Webster for further proceedings in accordance with law and not inconsistent with the views herein expressed. Defendants-appellees are taxed with the costs of this appeal and it is ordered that the assessment of all other costs shall await final determination hereof.