210 So.2d 103 (1968)
KIRKEBY-NATUS CORPORATION
v.
William T. CAMPBELL.
No. 2124.
Court of Appeal of Louisiana, Fourth Circuit.
May 6, 1968.
*104 Monroe & Lemann, Thomas B. Lemann, Bat P. Sullivan, Jr., Stephen B. Lemann, New Orleans, for plaintiff-appellee.
Steeg & Shushan, Louis G. Shushan, New Orleans, for defendant-appellant.
Before REGAN, CHASEZ, and BARNETTE, JJ.
REGAN, Judge.
The plaintiff, Kirkeby-Natus Corporation, filed this suit against the defendant, William T. Campbell, which is predicated upon an extrajudicial confession of judgment executed by him for the sum of $436,000.00.
The lower court rendered a decree in favor of the plaintiffs for the amount of the defendant's confession of judgment, and from that judgment,[1] the defendant has prosecuted this appeal.
*105 The record discloses that the factual background hereof is substantially undisputed. Kirkeby-Natus Corporation, the plaintiff herein, is a foreign Corporation. On May 6, 1964, Leslie Owens, Inc., executed its promissory note to the order of the plaintiff in the amount of $436,000.00, which note was endorsed by the defendant, William T. Campbell, thereby binding himself in solido, unconditionally and as original promisor for the payment of the principal of the note, interest, costs, and attorney's fees. The note matured as a result of the nonpayment thereof by the defendant on November 7, 1964.
After maturity, that is, on February 12, 1965, the defendant executed a confession of judgment on the note of May 6, 1964, by authentic act before a notary public and two witnesses. The confession of judgment so executed contains the following provision:
"The said appearer does hereby waive prescription, notice, service of petition and citation, and does consent and agree that judgment may be entered against him immediately for the full amount of principal, interest and attorneys' fees as aforesaid, and all costs, by the Civil District Court for the Parish of Orleans, State of Louisiana, or, at the option of Kirkeby-Natus Corporation, by the Courts of any other Parish or Parishes in the State of Louisiana and/or by the Federal Courts, in term or in vacation, in open Court or in Chambers, and he does further waive any and all legal delays of any nature or kind.
Thereafter, on March 25, 1965, the plaintiff, in conformity with the foregoing provision, filed a petition in the lower court requesting the rendition of a judgment thereon, without benefit of service, citation, or notice to the defendant, and judgment was accordingly rendered.
On March 30, 1965, the defendant filed a motion for a new trial, which was denied by the lower court. Hence, this appeal.
In an endeavor to overturn the lower court's judgment, counsel for the defendant has posed for our consideration several involved procedural arguments, which we shall discuss in some detail.
The defendant initially argues that the plaintiff lacks procedural capacity to sue in the courts of Louisiana because of its failure to qualify to do business therein in conformity with the requirements of R.S. 12:211. This argument is without merit for several reasons. First, it is well settled that R.S. 12:211 does not apply to corporations engaged totally in interstate commerce.[2] Moreover, it is equally well settled that the statute does not apply to a foreign corporation unless it is actually doing business in Louisiana. The question of whether or not the corporation is doing business in this state is one mixed with both law and fact, the determination of which rests upon all of the individual facts connected with its operations. The burden of proving that the corporation is doing business in the state is imposed entirely upon the individual urging such a defense, and the mere showing that the corporation has not qualified to do business in Louisiana does not satisfy that burden.[3] Finally, a defense predicated upon the plaintiff's lack of procedural capacity to sue is a dilatory exception under Article 926 of the Code of Civil Procedure, which must be pleaded prior to answer or judgment by *106 default.[4] Obviously, the defendant failed to do this.
In any event, a careful analysis of the record reveals that there is no evidence inscribed therein to satisfy the defendant's burden of proving that the plaintiff was engaged in business in this state. The only evidence pertaining to this question is the recitation in the plaintiff's petition to the effect that it is a corporation organized under the laws of the state of Delaware, and domiciled therein. Therefore, the record is devoid of any evidence relating to the plaintiff's procedural incapacity, and a defense predicated upon this hypothesis is without substance.
Secondly, the defendant insists that no authorization exists under Louisiana law for an extrajudicial confession of judgment and a subsequent suit and judgment predicated thereon. However, Article 7, Section 44 of the Louisiana Constitution of 1921 specifically authorizes the use of an extrajudicial confession of judgment. This constitutional provision reads:
"Service of citation shall not be waived, nor judgment confessed, prior to the maturity of the obligation sued on, except for the purpose of executory process * * *"
Thus, this constitutional provision expressly permits the use of an extrajudicial confession, but its use is limited to obligations which have matured, with the exception, of course, of confessions of judgment which were made for the purpose of confecting an instrument sufficient to permit its enforcement by executory process. Moreover, the courts of this state have consistently upheld the legality and the use of extrajudicial confessions of judgment,[5] and we are convinced that any limitation judicially imposed upon the use thereof would be an unauthorized intrusion into the area of freedom of contract.
The defendant's attack on the use of extrajudicial confessions of judgment contains two basic subdivisions. First, he argues that adequate proof was not adduced before the lower court because the note upon which the confession of judgment was predicated was not introduced in evidence. An examination of the confession of judgment discloses that it contained an exact description of the note upon which it was based. The description was, in actuality, a photographic reproduction of the original note itself. Moreover, in view of the fact that authentic acts are self-proving, we are convinced that the defendant's argument as to the insufficiency of the evidence is without merit.
The second subdivision of the defendant's attack on the use of extrajudicial confessions of judgment involves the denial of due process of law by virtue of the lack of any notice to the defendant of a trial or of judgment having been rendered on the confession. Insofar as the denial of due process by the lack of notice of trial is concerned, the following quotation from Marbury v. Pace[6] serves as an adequate answer to this contention.
"As soon as the petition and confession were filed, the issue was joined, the suit began, and the judgment was rendered on as cogent, as incontestable, and as convincing evidence as can be submitted to a court of justice; the two notes sued upon, the acknowledgment of the notes, the confession of defendant, and his signature, his undisputed and admitted signature attached to the notes, to their acknowledgment, and to the confession. It would have been impossible to add to the proof which we have found *107 in the transcript; that proof fully sustains the judgment.
"Second-The issuance of a citation to, and its service on, one who has already confessed a judgment would be as vain and as useless a proceeding as one can imagine; for what is the object of citation? To summon defendant to comply with petitioners' demand, or deliver his answer in the office of the clerk of the court. When his answer is filed, and that answer expresses a willingness to comply with the demand, a citation to appear and do what the party has already done is not only not required but unauthorized.
"Citation is the essential ground of all civil action, in ordinary proceedings, and, without it, those proceedings are absolutely null, unless the defendant, of his own will, has appeared in the suit, and answered the demand. Defendant, Pace, has done nothing less; he has appeared, and, in the sense of the law, his written confession is one of those answers which waive citation, delay, and default, and left no issue to be tried. [Skinner v. Dameron] 5 R.R. 448."
The lack of a notice of judgment, however, poses a much more serious question. In many cases reviewed by us, the confession of judgment explicitly waived notice of judgment.[7] However, the confession in this case merely waives "notice", which is somewhat ambiguous and therefore does not inform us exactly which notice the defendant waived. The particular legal point would ordinarily be quite significant since, under Code of Civil Procedure Article 2085, an appeal may lie from a judgment based upon an extrajudicial confession of judgment. In other words, ordinarily, we would be confronted with the question of whether the defendant can exercise this right, without the benefit of a notice of judgment rendered upon his confession. However, an answer to this question is unnecessary, since the defendant appeared in the proceeding voluntarily, and in sufficient time to file motion for a new trial and did in fact appeal from the judgment rendered against him. Under these circumstances, his contention as to his denial of due process of law by virtue of a lack of notice of judgment is of no significance, since he had actual knowledge of the judgment and thereafter proceeded to act in conformity therewith.
In conclusion, the defendant argues that the lower court abused its discretion in refusing to grant him a new trial. He insists that upon "the face of the papers", he was entitled to the return of certain unearned discount interest improperly included in the judgment and that this is so by virtue of the rationale emanating from the case of Berger v. DeSalvo.[8] The Berger case stands for the proposition that when a holder of a promissory note chooses to accelerate it, the maker thereof is entitled to a refund of the amount of capitalized interest contained therein attributable to the period from the acceleration to the date of maturity thereof. The defendant consequently argues that he is entitled to a rebate of 15/24 of the capitalized interest because the maker himself chose to accelerate the note. The obvious answer to the foregoing argument is that the record contains no evidence which even tends to disclose that the amount confessed or the amount represented by the note contains capitalized interest. In addition thereto, the confession of judgment is an authentic act, which is full proof of its contents between the contracting parties, their heirs or assigns, unless it be declared and proved a forgery.[9] In this case, the defendant appeared before a notary public and two witnesses, and under oath confessed that he was indebted *108 to the plaintiff in the amount of $436,000.00. Moreover, an error in computation of interest under the rationale emanating from the Berger case is an error of law,[10] and an error of law cannot serve as a basis for invalidating a contract unless it was the only or principal cause thereof.
Under the facts hereof, it is clear that the authentic act of confession of judgment was ample proof of its contents, and the lower court did not abuse its discretion in refusing to grant the defendant a new trial.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendant is to pay all costs incurred herein.
Affirmed.
NOTES
[1] Originally, this court dismissed the defendant's appeal, since the motion therefor recited it was an appeal from a judgment of the lower court denying the defendant's motion for a new trial. However, the Supreme Court granted certiorari, and remanded the case to this court for a hearing on the merits, on the theory that it was the intention of the defendant to appeal from the judgment on the merits and not from the judgment denying the new trial.
[2] See Reynolds Metal Co. v. T. L. James & Co., Inc., La.App., 69 So.2d 630 (1954).
[3] See Equitable Discount Corporation v. Dickinson, La.App., 106 So.2d 800 (1958); Quaker Hill, Inc. v. Guin, La.App., 95 So. 2d 370 (1957); see also Hattiesburg Manufacturing Co. v. Pepe, La.App., 140 So.2d 449 (1962).
[4] See La.C.C.P. Art. 928.
[5] See Marbury v. Pace, 29 La.Ann. 557 (1877) and Jeffcoat v. Hammons, La. App., 160 So. 182 (1935).
[6] 29 La.Ann. 557 (1877).
[7] See for example Jeffcoat v. Hammons, La.App., 160 So. 182 (1935).
[8] La.App., 156 So.2d 323 (1963).
[9] See La.C.C. Arts. 2236-2238.
[10] Gulf Acceptance Loan Corporation v. Demas, La.App., 205 So.2d 855 (1968).