# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30279
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 19, 2019

Lyle W. Cayce
Clerk

STEVEN D. FODGE, Individually and as representative on behalf of all similarly situated persons; JOSEPH E. CAREY, Individually and as representative on behalf of all similarly situated persons; JON A. TOKAY, Individually and as representative on behalf of all similarly situated persons; PAMELA R. JEFFCOAT, Individually and as representative on behalf of all similarly situated persons; ANDREW J. KALTENMARK, Individually and as representative on behalf of all similarly situated persons; LANCE K. INOVEJAS, Individually and as representative on behalf of all similarly situated persons; DEBORAH A. INOVEJAS, Individually and as representative on behalf of all similarly situated persons,

Plaintiffs - Appellants

v.

TRUSTMARK NATIONAL BANK; OCWEN LOAN SERVICING, L.L.C.; BARKSDALE FEDERAL CREDIT UNION; PENNYMAC LOAN SERVICES, L.L.C.; BANK OF AMERICA, N.A.; PHH MORTGAGE CORPORATION,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana

No. 19-30279

Before KING, GRAVES, and WILLETT, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

Appellants Steven D. Fodge, Joseph E. Carey, Jon. A. Tokay, Pamela R. Jeffcoat, Andrew J. Kaltenmark, Lance K. Inovejas, and Deborah A. Inovejas appeal from the district court's orders granting Appellees Ocwen Loan Servicing, LLC; Barksdale Federal Credit Union; Pennymac Loan Services, L.L.C.; Bank of America, N.A.; and PHH Mortgage Corporation's motions to dismiss and Appellee Trustmark National Bank's motion for judgment on the pleadings.  We AFFIRM.

I.

Appellants brought a putative class action at the district court, alleging that they and similarly situated individuals were on active duty with the military when Appellees variously foreclosed on their properties through executory proceedings in Louisiana state courts based on mortgage, privilege, or security agreements each plaintiff and putative class member had entered with one of the defendants.  Appellants conceded that each of their agreements contained a clause importing a confession of judgment.  Nonetheless, Appellants alleged that Appellees' foreclosure actions were in violation of the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. § 3901, *et seq.*, which provides active duty servicemembers with protections against default judgment absent a waiver that meets certain requirements.  50 U.S.C. §§ 3931 (setting out protections against default judgment) and 3918 (providing the requirements for waiving SCRA protections).  Appellants sought damages and declaratory and injunctive relief on behalf of themselves and the putative class. Each appellee, except for Trustmark National Bank, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The district court granted the motions, dismissing the claims against these appellees with prejudice.  Subsequently, Trustmark National Bank filed a motion for

No. 19-30279

judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that the claims against it were nearly identical to the claims filed against the other defendants. The district court also granted this motion and dismissed the remaining claims with prejudice.

## II.

"We review dismissals under Rule[s] 12(b)(6) and 12(c) de novo." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019). The standard for dismissal under Rules 12(b)(6) and 12(c) is the same: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III.

Appellants argue that (1) the state court orders authorizing seizure and sale of Appellants' respective properties through executory proceedings constitute default judgments under the SCRA and (2) they did not waive their right to SCRA protections against default judgment because their confessions of judgment do not constitute proper waivers under the SCRA. These are matters of first impression in this and other circuits. We address each argument in turn.

First, Appellants' argument that the state court orders authorizing seizure and sale of Appellants' respective properties constitute default judgments under the SCRA is unavailing. As explained below, 50 U.S.C. § 3931 does not encompass Louisiana executory proceedings where, as here, the debtors confessed judgment.

Appellants rely on two sections of the SCRA—50 U.S.C. §§ 3931 and 3911—to support their argument. Section 3931 is entitled "Protection of servicemembers against default judgments" and "applies to any civil action or proceeding, including any child custody proceeding, in which the defendant

3

does not make an appearance." § 3931(a). Section 3931 requires, among other things, that a plaintiff file an affidavit stating whether a defendant is in military service and that courts appoint an attorney to represent defendants in military service. § 3931(b).

Appellants argue that § 3911's definition of "judgment" applies to § 3931. Section 3911 defines "judgment" as "any judgment, decree, order, or ruling, final or temporary." § 3911(9).[1] This definition, even if relevant to § 3931, is unavailing. Section 3931 states that it applies to proceedings "in which the defendant does not make an appearance." § 3931(a). Appellants necessarily made an appearance at the respective executory proceedings through their confessions of judgment.

Under Louisiana law, an executory proceeding is an expedited *in rem* civil action. *Hood Motor Co., Inc. v. Lawrence*, 320 So.2d 111, 112–13 (La. 1975). Louisiana law defines such proceedings as "those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment, and in other cases allowed by law." LA. C.C.P. ART. 2631. By virtue of a confession of judgment, a debtor in an executory proceeding "has appeared in the suit, and answered the demand." *Marbury v. Pace*, 29 La. Ann. 557, 558–59 (La. 1877); *Buckner v. Carmack*, 272 So.2d 326, 331 (La. 1973) (same). Thus, § 3931 does not apply to Louisiana executory proceedings where, as here, the debtors have confessed judgment.

---

[1] Although the SCRA does not define "default judgment," *see* § 3911 ("Definitions"), the phrase is generally understood as distinct from "judgment." "Default judgment" generally means "a judgment entered by the Court as a penalty against a party for failure to appear or otherwise to perform a procedurally required act." *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 174 n.3 (3d Cir. 1990) (citation and internal quotation marks omitted); *see also* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

No. 19-30279

In fact, Appellants conceded this.  In opposing Bank of America's motion to dismiss, Appellants "agree[d] 100%" that "Section 3931 does not apply to proceedings enforcing [valid] confessions of judgments."  For all these reasons, Appellants' first argument is unavailing.

Second, Appellants argue that they did not waive their right to SCRA protections against default judgment because their confessions of judgment do not constitute proper waivers under the SCRA, specifically, 50 U.S.C. § 3918, which provides the requirements for a valid waiver of SCRA protections.  This argument is moot.  As determined above, § 3931 does not apply to Louisiana executory proceedings where the debtor has confessed judgment.[2]  SCRA's waiver requirements are therefore inapplicable because there is nothing to waive here; Appellants were never protected under § 3931 against seizures and sales ordered through Louisiana executory proceedings.[3]

IV.

For the foregoing reasons, we AFFIRM.

---

[2] Appellants do not argue that the confessions of judgment are invalid based on a law other than the SCRA.

[3] The court need not address Appellees' additional and alternative arguments in support of the dismissal of Appellants' claims.