Judgment rendered April 5, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,371-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

TERRENCE A. LEE                          Plaintiff-Appellant

versus

ECCS AUTO SALES, LLC                     Defendant-Appellee

* * * * *

Appealed from the
Ruston City Court for the
Parish of Lincoln, Louisiana
Trial Court No. 53222

Honorable Danny W. Tatum, Judge

* * * * *

ARTHUR GILMORE, JR.                      Counsel for Appellant

RICKY LANE CANDLER                       Counsel for Appellee

* * * * *

Before STONE, COX, and O'CALLAGHAN *(Pro Tempore)*, JJ.

**STONE, J.**

Terrence A. Lee, the plaintiff-appellant in this case, is the purchaser/lessee of a motor vehicle under a rental-purchase agreement. The defendant, ECCS Auto Sales, LLC, is the seller/lessor of that vehicle, who, upon the plaintiff's failure to make monthly payments as agreed in the written contract, repossessed the vehicle with the consent of the plaintiff's wife. The plaintiff filed suit for damages in Ruston City Court, and after a bench trial, his claims were dismissed with prejudice. The plaintiff now appeals. For the reasons stated herein, we affirm.

## FACTS AND PROCEDURAL HISTORY

The plaintiff was married to Cynthia Lee before he purchased/rented the vehicle through the time of trial. The parties entered the rental-purchase agreement for the vehicle on December 29, 2017. Cynthia Lee accompanied the plaintiff to the dealership for this transaction. In the written rental-purchase agreement, the plaintiff agreed to make monthly installment/rental payments of $450 for 12 months, in addition to making a $10,000 down payment.[1] The agreement contains specific provisions relating to the defendant's rights upon the plaintiff's default.[2] On the front of the contract, the following provision appears:

> **9. CLAIM FOR RECOVERY ("REPOSSESSION"):**
> You the Renter(s) understand that if all payments due are not in our office to bring the account current and the property is not back in our lot with the keys included within ten days (10) after certified mail receipt to your last known address, we will report the Property stolen as allowed under applicable Louisiana laws including R.S. 14:220 and R.S. 32:793. Also see paragraph 12, under Terms of Agreement on the back of this agreement.

---

[1] The plaintiff testified that he has an income of approximately $6,300 per month.

[2] The numbering of the paragraphs of the contract starts over at "1." on the back of the contract.

…

On the back of the contract, the following provisions appear:

> **4. OUR TERMINATION RIGHT:** We may terminate this Agreement if you default in making the payment by the due date set forth above or if you breach any other material term of this Agreement. If termination occurs, we shall be entitled to all payments and other charges due up to the date of termination as well as the reasonable expenses of recovery of the Property if you fail to return the Property immediately. In the event that this agreement is terminated, Renter(s) is obligated to return the Property in its present condition, fair wear and tear excepted.

> **12. OWNER'S RIGHT TO TAKE POSSESSION:** The Owner and its agents, upon termination of the agreement are authorized to recover the Property. The Owner and its agents are released and discharged any claims or causes of action arising due to the recovery of the Property, and Renter(s) agrees further to indemnify Owner and its agents and hold them harmless and free from all costs, expenses, and damages, including reasonable attorney's fees, arising directly or indirectly from or in any way related to the recovery of the Property.

Additionally, La. R.S. 32:793(B)(4), in effect, engrafts specified provisions onto all rental purchase agreements, including:

> [a] provision that when a rental consumer is in default on his rental purchase agreement, the rental dealer will mail a notice of default to the rental consumer, provided there is proof of mailing giving the consumer five days to bring the account current.

La. R.S. 32:793(B)(4)(o).

The plaintiff and defendant also executed a separate document at the closing of the rental purchase agreement, entitled "REPOSSESSION AGREEMENT." It describes the vehicle by year, make, model, color, and vehicle identification number. Therein, the plaintiff agreed:

> YOU ARE AUTHORIZED BY ME AND HAVE THE RIGHT TO TAKE SAID AUTOMOBILE BACK FROM ME WITHOUT THE NECESSITY OF COURT ORDER OR ANY JUDICIAL PROCESS. I FURTHER AGREE THAT IF IT BECOMES NECESSARY FOR YOU TO TAKE SAID AUTOMOBILE BACK, YOU ARE

2

PERMITTED TO DO SO AT ANY TIME OF THE DAY
OR NIGHT [AND] MAY ENTER AND REMOVE SAID
AUTOMOBILE FROM MY PROPERTY OR ANY
OTHER PROPERTY WHERE THE AUTOMOBILE IS
LOCATED.
…
I AGREE THAT I WILL NOT KEEP ANY PERSONAL
PROPERTY OF ANY SIGNIFICANT VALUE IN SAID
AUTOMOBILE DURING THE TERM OF THIS LOAN,
BUT IN THE EVENT THAT I DO, I ASSUME ANY
AND ALL RESPONSIBILITY FOR ANY PERSONAL
PROPERTY LEFT IN THE AUTOMOBILE BY ME OR
ANY OTHER PERSONS IN THE EVENT THAT THE
PROPERTY SHOULD BECOME LOST OR MISSING
FOR ANY REASON FROM SAID AUTOMOBILE
AFTER IT HAS BEEN REPOSSESSED AND STORED
IN A REASONABLY SAFE PLACE.
I AGREE THAT YOU ARE NOT REQUIRED TO GIVE
ME ANY NOTICE BEFORE YOU TAKE BACK SAID
AUTOMOBILE, AND THAT MY FAILURE TO MAKE
ANY PAYMENT ON TIME ACCORDING TO MY
LOAN CONTRACT, WILL BE MY NOTICE THAT
YOU HAVE THE RIGHT TO REPOSSESS THE
AUTOMOBILE.
I UNDERSTAND THAT I HAVE THE RIGHT TO
HAVE THIS AGREEMENT EXAMINED BY MY
ATTORNEY, IF I DESIRE, BEFORE I SIGN IT.

The plaintiff admitted that he and Cynthia Lee do not have a "prenup" (separate property agreement). He and his wife have a community property regime by operation of Louisiana law. The plaintiff used the truck in his handyman business, a community enterprise.

The defendant's manager, Courtney Johnson, mailed two letters notifying the plaintiff of his default on the payments. The first letter, dated September 10, 2018, stated:

Mr. Terrence Lee,

Hello[,] Mr. Lee hope all is well. I am contacting you about your past due account on your 2008 Chevrolet Silverado. The account is a few months behind please contact the dealership at your earliest convenience to correct this matter.

3

The second letter, dated February 6, 2019, stated:

> Mr. Terrence Lee,
>
> Mr. Lee once again I am contacting you about your past due account on your 2008 Chevrolet Silverado. Your account is seriously behind and needs immediate attention please contact the dealership to bring your account current or return the vehicle.

The defendant also attempted to call the plaintiff at the telephone number that the plaintiff had provided multiple times over the five-month period between the letters. These efforts were unsuccessful.

The repossession took place in April of 2019, after a representative of the defendant serendipitously met Cynthia Lee (the plaintiff's wife) at the dollar store and she consented to the repossession and gave the location of the vehicle. However, at the time of the repossession, the plaintiff was incarcerated for battering said wife[3] and therefore was not present to object to the repossession. The defendant allowed the plaintiff's family to remove any and all of the plaintiff's tools and other personal property in the vehicle. However, at the time of trial, some of the tools remained in defendant's possession waiting to be claimed by the plaintiff.

The plaintiff sued for damages under the Louisiana Unfair Trade Practices Act ("LUTPA"), alleging that the repossession was wrongful because: (1) it was not preceded by a *certified* letter giving him notice of default, as he says was stipulated in the contract; (2) his wife lacked authority to give permission for the repossession because she was "estranged" and her name was not on the title; and (3) the plaintiff's tools were left behind in the truck and are now lost to the plaintiff. After a bench

---

[3] Originally, the plaintiff received probation and suspended sentence, but he was incarcerated for a probation violation.

trial in the Ruston City Court, the trial judge rendered a judgment in favor of the defendant and against the plaintiff dismissing the plaintiff's claims at his cost.

The trial court issued written reasons for judgment. Therein, the trial court explicitly found that the plaintiff's testimony was not credible. Contrarily, the court found that the testimony of Courtney Johnson, manager of ECCS Auto Sales, was credible. Indeed, the plaintiff contradicted himself in his trial testimony regarding his payments on the truck. The trial court specifically found truthful Courtney Johnson's testimony authenticating and describing the circumstances of the two letters notifying the plaintiff of his default on the rental-purchase agreement. (These letters were introduced into evidence as exhibit D-3 and exhibit D-4).

The plaintiff now appeals, urging the following assignments of error: (1) plaintiff's spouse had no authority to consent to repossession; (2) the trial court erred in finding that defendant did not commit a "breach of the peace" or violation of La. R.S. 32:793; (3) the trial court erred in finding that the defendant did not violate LUTPA; and (4) the trial court erred in finding the plaintiff was not entitled to damages for lost tools, earnings, and attorney fees.

## DISCUSSION

**Spousal authority**

The plaintiff asserts that the trial court erred in holding that the plaintiff's wife had authority to consent to the repossession. The plaintiff reasons that the vehicle was purchased/rented and titled in his name (as renter) alone, and that the defendant admitted that "ownership follows title." Additionally, the plaintiff argues that, because a spouse's authority regarding

a community motor vehicle is not specifically set forth in La. R.S. 32:793 (pertaining to rental-purchase agreements for motor vehicles), that authority does not exist.

In finding the wife's consent sufficient to authorize the repossession, the trial court was applying the general rule of La. C.C. art. 2346. That article provides that "[e]ach spouse acting alone may manage, control, or dispose of community property unless otherwise provided by law." *Id*. There are only two ways that the plaintiff could avoid application of the general rule of La. C.C. art. 2346: (1) proving that the repossessed truck was not community property; and/or (2) demonstrating the existence of applicable law providing otherwise.

Property of married persons is either community or separate.[4] La. C.C. art. 2335. All property not classified by law as separate property is community property. La. C.C. art. 2338. Furthermore, things in possession of a spouse during the existence of a community property regime are presumed to be community, but either spouse may prove that they are separate property. La. C.C. art. 2340. Further yet, La. C.C. art. 2338 provides that community property specifically includes: (1) property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse; (2) property acquired with community things or with community and separate things, unless classified as separate property under La. C.C. art. 2341.

Separate property is comprised of only the following:

> [1] Property acquired by a spouse prior to the
> establishment of a community property regime; [2]
> property acquired by a spouse with separate things or with

---

[4] That is, except as provided in La. C.C. art. 2341.1.

6

> separate and community things when the value of the community things is inconsequential in comparison with the value of the separate things used; [3] property acquired by a spouse by inheritance or donation to him individually; [4] damages awarded to a spouse in an action for breach of contract against the other spouse or for the loss sustained as a result of fraud or bad faith in the management of community property by the other spouse; [5] damages or other indemnity awarded to a spouse in connection with the management of his separate property; and [6] things acquired by a spouse as a result of a voluntary partition of the community during the existence of a community property regime.

La. C.C. art. 2341.

The plaintiff admits that the truck was acquired and was in his possession during his marriage to Cynthia Lee. Therefore, the truck is presumed to be community property, and the plaintiff has the burden of disproving that presumption. La. C.C. art. 2340. To that end, the plaintiff suggests that, because the vehicle was titled in his name alone (as renter), it was his separate property. This argument fails. "Registration of a motor vehicle under the Vehicle Certificate of Title Law… is not conclusive… of ownership.*" Hackworth v. Barham,* 210 So. 2d 107 (La. App. 2 Cir. 1968). "The registration of a sales of motor vehicle under the [Vehicle Certificate of Title Law] does not bear any essential relation to contracts of sale of [or other transfer of an interest in] motor vehicles." *Whitten v. Travelers Ins. Co.*, 141 So. 2d 40 (La. App. 2 Cir. 1962). In other words, it is the sale, donation, or other transaction which confers the interest in the vehicle on the transferee or transferees, not the registry of title. The plaintiff has failed to satisfy his burden of disproving the presumption of community. The truck being titled in his name alone does not constitute adequate proof that the truck falls into any of the six enumerated categories of separate property.

7

The plaintiff's argument that La. R.S. 32:793 constitutes an exception to the general rule of La. C.C. art. 2346 is also erroneous. The former does not state or imply that a spouse has no authority to consent to repossession of a community vehicle obtained pursuant to a rental-purchase agreement. Rather, La. R.S. 32:793 simply does not address the issue.

Therefore, the plaintiff's wife's consent validated the repossession, and it makes no difference if the defendant did not satisfy the prerequisites for *other* means of validating the repossession. For this reason alone, the plaintiff's claims in this case are without merit, and the trial court judgment must be affirmed. Nonetheless, we address each of the plaintiff's remaining arguments in turn.

**Written notice of default**

The plaintiff argues that the repossession was invalid because written notice was sent to him by regular mail, *i.e.*, not by *certified* mail. In support, he cites Paragraph 9 on the front of the rental-purchase contract. It states that, if the account is in default, the owner/lessor *may report the vehicle as stolen* if neither the default is cured nor the vehicle returned within 10 days after receipt of certified mail notifying the lessee of default at his last known address. Whether or not the defendant reported the vehicle as stolen is not at issue in this case, and has nothing to do with the validity or invalidity of the repossession. This argument is unmeritorious.

We also point out that, in sending written notice of default to the defendant's last known address by regular mail and waiting at least five days thereafter before repossessing the vehicle, the defendant complied with La. R.S. 32:793(B)(4)(o).

8

**Breach of the peace, La. R.S. 32:793**

The plaintiff asserts that the trial court erred "in finding that defendant did not commit a breach of the peace in repossessing the vehicle and did not violate La. R.S. 32:793." The plaintiff offers no factual particulars in support of these assertions.

La. R.S. 32:793(C)(2), in relevant part, states:

> A rental purchase agreement may not contain a provision:
> …
> (2) Authorizing a rental dealer or an agent of the rental dealer to commit a breach of the peace in him the repossession of rental property or to take repossession of the rental property in any manner other than what is permitted in R.S. 14:220.

La. R.S. 14:103, in relevant part, enumerates the following acts as constituting a breach or disturbance of the peace:

> (1) Engaging in a fistic encounter; or
> (2) Addressing any offensive, derisive, or annoying words to any other person who is lawfully in any street, or other public place; or call him by any offensive or derisive name, or make any noise or exclamation in his presence and hearing with the intent to deride, offend, or annoy him, or to prevent him from pursuing his lawful business, occupation, or duty; or
> (3) Appearing in an intoxicated condition; or
> (4) Engaging in any act in a violent and tumultuous manner by any three or more persons; or
> (5) Holding of an unlawful assembly; or
> (6) Interruption of any lawful assembly of people;

In pertinent part, La. R.S. 14:220 states:

> C. It shall be a complete defense to any civil action arising out of or involving the arrest or detention of any person renting or leasing a motor vehicle that any representation made by him in obtaining or retaining possession of the vehicle is contrary to the fact.

9

D. It shall be a complete defense to any civil action arising out of or involving the arrest or detention of any person, upon whom such demand was personally made or personally served, that he failed to return the vehicle to the place specified in the rental agreement within such seventy-two hour period.

La. R.S. 32:793, as quoted above, prohibits the rental purchase agreement from purporting to authorize the seller/lessor to commit a breach of the peace in repossessing the vehicle, unless that breach of the peace as described in La. R.S. 14:220(C) or (D).

Assuming *arguendo* that La. R.S. 32:793(C)(2) invalidates a repossession obtained by breach of the peace, it still would not do so in this case. That is because, to say the least, the trial court was not manifestly erroneous in finding that there was no breach of the peace. The plaintiff does not even allege any fact that militates in favor of finding that the defendant committed breach of the peace in repossessing the vehicle. This argument is unmeritorious.

**Notice pursuant to La. R.S. 6:966**

The plaintiff also cites La. R.S. 6:966 as imposing certain notice requirements on repossession pursuant to rental purchase agreements. Title 6 of the Louisiana revised statutes addresses itself to "Banks and Banking," and La. R.S. 6:966 is part of chapter 10-a; this chapter is known as the Additional Default Remedies Act ("ADRA"). La. R.S. 6:965(B) delineates the scope of the ADRA, as follows:

> This Chapter provides *additional* remedies on default by the debtor under secured transaction under Chapter 9 of the Louisiana Commercial Laws, R.S. 10:9-101 et. seq., R.S. 9:5351 et. seq., and R.S. 32:701 et seq., as applicable, entitling the secured party to obtain possession and dispose of the collateral as provided herein. *These remedies shall be in addition to all other remedies*

10

*applicable* to nonpossessory security interest affecting collateral in which security interest or chattel mortgage, as applicable, has been granted, *which shall remain available and in full force and effect in their entirety*. (Emphasis added).

La. R.S. 6:695 makes clear that the ADRA is an additional, non-exclusive remedy. Thus, the wife's valid consent to the repossession supersedes any noncompliance with the ADRA. This argument is without merit.

**LUTPA: Loss of tools, earnings**; **Attorney fees**

"Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." La. R.S. 51:1405. LUTPA creates a private cause of action as follows:

> Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually… In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney fees and costs.

La. R.S. 51:1409. The plaintiff has not proven any facts which would establish a LUTPA violation. This claim is without merit.

**DECREE**

Based on the foregoing, the judgment of the trial court is **AFFIRMED**. The plaintiff is taxed with all costs of this appeal.

11